## APPEAL OF ALFRED C. RUBY.

Docket No. 276.  Submitted June 2, 1925.  Decided July 15, 1925.

*W. W. Dugan, Jr., Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before Graupner, Trammell, and Phillips.

Phillips: The petition alleges, and the answer admits, that the deficiency letter was mailed to the taxpayer on July 17, 1924. The petition was filed with the Board on September 17, 1924, the 62nd day after the mailing of the deficiency letter. The Commissioner first filed a motion to dismiss the petition on the ground that it was not filed within the time prescribed in section 274 (a) and (c) of the Revenue Act of 1924. When this motion came on to be heard, it appeared that under date of August 21, 1924, the Commissioner had written the taxpayer a letter which, among other things, stated:

In accordance with section 274 of the Revenue Act of 1924 you are allowed 60 days, or until the date of September 17, 1924, within which to file your appeal to this Board.

It appearing that the taxpayer had relied upon this statement by the Commissioner, the Commissioner thereupon withdrew his motion to dismiss and filed an answer, which answer called attention to the failure of the taxpayer to file his appeal with the Board within the 60 days provided by the statute. When the case came on for hearing before a Division of this Board, the solicitor representing the Commissioner called the attention of the Board to its lack of jurisdiction. A ruling upon the jurisdictional question was reserved and the testimony of the parties taken.

Section 274 (a) of the Revenue Act of 1924 provides that, within 60 days after the notice of deficiency is mailed by the Commissioner, the taxpayer may file an appeal with this Board. This period is fixed by the statute, and no authority is granted to extend it, nor can such authority be implied. Jurisdiction can not be conferred upon this Board, or any body of limited jurisdiction, by consent or estoppel, where jurisdiction does not otherwise exist by statute. We are forced to the conclusion that this Board has not and can not assume jurisdiction, and the appeal is therefore dismissed.