THERON C. TEEL AND LYNN W. TEEL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60204. Filed November 27, 1956.

*Thomas E. Tyre, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner moved to dismiss this proceeding for lack of jurisdiction because the petition, which was filed November 18, 1955, was not filed within 90 days after the mailing of the notice of deficiency as required by section 6213 (a) of the Internal Revenue Code of 1954. The only dispute is with respect to the beginning of the 90-day period, that is, the date when the notice of deficiency must be regarded as having been mailed by registered mail. The parties have filed a stipulation of facts which is adopted as the findings of fact.

The Commissioner contends that the mailing by registered mail in accordance with the statutory requirement was on August 9, 1955, and if that contention is sound, then the petition was obviously not filed within the period allowed by the statute. The position of the petitioners is that the filing period should not begin until August 22, 1955.

Section 6212 of the Internal Revenue Code of 1954 provides that if the Secretary or his delegate determines that there is a deficiency in income tax, he is authorized to send a notice of such deficiency to the taxpayer by registered mail. It further provides that the notice of deficiency shall be sufficient under the law if mailed to the taxpayer at his last known address. Section 6213 of the Internal Revenue Code of 1954 limits the time for filing a petition with the Tax Court in a case like this to 90 days after the mailing of the notice of deficiency authorized by section 6212.

The Commissioner determined a deficiency in income tax in this case for the year 1952 and mailed the statutory notice by registered mail from Salt Lake City, Utah, on August 9, 1955. It was addressed to the petitioners at 2340 Oneida Street, Salt Lake City, Utah, the address shown on their return for 1952. It was still their address at the time they filed their petition in this case. The parties have stipulated that the Commissioner mailed the notice of deficiency by registered mail to the petitioners at their last known address. The postman did not find either of the petitioners at the address shown on the envelope when he attempted to deliver the letter on August 10, 1955, and, con-

sequently, could not obtain their signature on the slip provided for the registered letter, so, in accordance with postal regulations, he left a notice at the residence that a piece of registered mail was being held for the addressees at the post office and returned the registered letter to the post office. The postal authorities mailed a second similar notice to the petitioners on August 15, 1955, and the fact that two such notices were left at the address of the petitioners was noted on the envelope containing the notice of deficiency. The petitioners would testify that they did not receive and ignore the two notices referred to above.

The registered letter containing the notice of deficiency was stamped "Return to Writer" and with the blank receipt slip was returned to the main post office in Salt Lake City on August 22, 1955. The letter was thereupon returned by the postal authorities to the Internal Revenue Service, and the employee who originally mailed it called the petitioner, Theron C. Teel, at his office on that same day, informed him that he had the letter, and asked what he should do with it. Teel requested that it be sent to his office. The Internal Revenue Service employee then scratched out the address of the petitioners as it appeared on the envelope and wrote in Teel's office address. The letter was then returned to the Post Office Department which, without the payment of any further postage and using the registry number that was originally on the letter, delivered it on August 23, 1955, to Teel at his office and had him sign the accompanying slip acknowledging receipt of the registered letter. The letter when thus received by Teel was in its original envelope which bore various post office place and date stamps showing, *inter alia*, the original mailing at Salt Lake City on August 9, 1955, and a date stamp "August 22, 1955."

The stipulated facts show that the Commissioner fulfilled the requirements placed upon him by section 6212 of the Internal Revenue Code of 1954. The receipt of the registered notice is not required by the statute. *Alma Helfrich*, 25 T. C. 404, 407. The taxpayer in the case of *Dolezilek* v. *Commissioner*, 212 F. 2d 458, did not receive in due course the notice of deficiency properly addressed and sent by registered mail but there, as here, the notice was actually delivered and the taxpayers had ample time to file a petition with the Tax Court. The petition was filed more than 90 days after the original mailing. The Tax Court granted the Commissioner's motion to dismiss for lack of jurisdiction and the Court of Appeals affirmed. Here the failure of the petitioners to receive the notice of deficiency prior to August 23, 1955, 14 days after it was mailed, was due to no fault of the Commissioner or the postal authorities. Any fault, so far as this record shows, must have been that of the petitioners themselves in failing to provide for the proper receipt of their mail.

Furthermore, the receipt of the notice 14 days after its mailing gave them ample time within which to file a petition with the Tax

Court. The time originally allowed for the filing of a petition with the Tax Court after the mailing of the notice of deficiency was much shorter, but Congress extended the time and eventually allowed 90 days so that delays of this kind would not seriously inconvenience the taxpayers. The letter when received was in the envelope in which it was originally mailed, which showed August 9, 1955, as the mailing date. Teel had been advised by telephone that the letter had been sent earlier to his home by registered mail but could not be delivered and was delivered to him at his office at his request. The petitioners were on notice of the circumstances which caused the delay in the delivery of the notice. They were not misled as to the date when the Commissioner mailed the notice to them or with respect to the time which they had within which to file a petition with this Court.

This case is unlike *Eppler* v. *Commissioner*, 188 F. 2d 95, in which the Court of Appeals held that the petitioner had been misled as to the beginning of the 90-day period for the filing of his petition by a second mailing by registered mail of the notice of deficiency, but if that case is not distinguishable, then, with all due respect to that court, that decision will not be followed herein.

The proceeding will be dismissed for lack of jurisdiction.