**Theron C. TEEL and Lynn W. Teel,**
**Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 5606.**

United States Court of Appeals
Tenth Circuit.

Oct. 15, 1957.

Hardin A. Whitney, Jr., Salt Lake City, Utah (Oscar W. Moyle, Jr., Salt Lake City, Utah, was with him on the brief), for petitioners.

Arthur I. Gould, Atty., Dept. of Justice, Washington, D.C. (Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack, I. Henry Kutz, and Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D.C., were with him on the brief), for respondent.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This is a petition to review a decision of the Tax Court dismissing a petition for a redetermination of a tax deficiency for the reason that it was not filed within 90 days from the date of the mailing of the notice of deficiency to the taxpayer. § 272 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 272 provides that when the Commissioner determines a tax deficiency, he is authorized to send a notice of the same to the taxpayer by registered mail. "Within ninety days after such notice is mailed", the taxpayer may file with the Tax Court of the United States a petition for redetermination of the deficiency. In case of a joint return filed by a husband and wife, the notice

of deficiency may be a single joint notice. The mailing of the notice to the taxpayer at his last known address shall be sufficient even if such taxpayer is deceased or is under a legal disability.[1] Treasury Regulation 118, § 39.272–1 is substantially the same as the statute.

The question of whether the petition for redetermination was filed within the statutory time is presented here on an agreed statement of facts. On August 9, 1955, the petitioners, husband and wife, were actually residing at 2340 Oneida Street in Salt Lake City, Utah. On that date the Commissioner of Internal Revenue, through the Utah District Director of Internal Revenue, mailed a notice of tax deficiency for the year 1952 to the petitioners at the above address. The mailing was by registered mail but the postman was unable to make delivery to either of the petitioners at the address shown on the envelope so he left a notice that the post office was holding a registered letter for them. Thereafter, on August 15, 1955, a second notice was mailed to the petitioners by the postal authorities, advising them that registered mail was being held for delivery to them. The letter was not called for by either of the petitioners and the Post Office Department returned it to the Director's office on August 22, 1955. An agent of the Commissioner telephoned the petitioner Theron C. Teel at his business office and informed him that he had the letter containing the notice before him and asked Teel what he wished him to do with it. Teel requested the agent to send the letter on to his business office. To accomplish this, the agent scratched out the original address on the envelope and, in his own handwriting, wrote in the address of the petitioner's office. The envelope containing the notice was then returned to the postal authorities and was delivered to the petitioner on August 23, 1955, by using the same registration number and without re-registering the letter. On the envelope were notations that two notices were left at the address

shown thereon, together with the dates thereof. Petitioners say that they did not receive these notices. It is agreed that the petition for re-determination was not filed within 90 days from August 9, 1955, but was within time if the date of mailing is considered to be August 22, 1955, the date on which the envelope containing the notice was forwarded to the taxpayers.

The courts have generally held that the filing of the petition is jurisdictional, and that a failure to file the petition within the 90 day period is a bar to consideration by the Tax Court. Dolezilek v. Commissioner, 94 U.S.App.D.C. 97, 212 F.2d 458; Mindell v. Commissioner, 2 Cir., 200 F.2d 38; Central Paper Co. v. Commissioner, 6 Cir., 199 F.2d 902; Di Prospero v. Commissioner, 9 Cir., 176 F.2d 76; Ryan v. Alexander, 10 Cir., 118 F.2d 744, certiorari denied 314 U.S. 622, 62 S. Ct. 72, 86 L.Ed. 500; Continental Petroleum Co. v. United States, 10 Cir., 87 F. 2d 91, certiorari denied 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883.

The petitioners contend that when the notice was mailed to the business address of the husband on August 22, 1955, the original mailing was abandoned and the petitioners were misled into believing that the 90 day period commenced to run as of the later date. They rely upon Eppler v. Commissioner, 7 Cir., 188 F.2d 95, 98. We think that case is distinguishable upon the facts. In the Eppler case there was a re-registration and mailing. It does not appear that there was any knowledge on the part of the taxpayer that it had been previously mailed. The court there stated that "by mailing out the notice of deficiency the second time by registered mail the taxpayer was given no notice of the first mailing and he was therefore misled into believing that he had ninety days from the second mailing within which to file his appeal." The first mailing was not to the actual address of the taxpayers. There was no personal contact between the taxpayers

---

[1] The provisions of the Internal Revenue Code of 1954 are substantially identical. 26 U.S.C.A. § 6212 and § 6213.

and representatives of the Commissioner. In the instant case the taxpayers had notice of the previous mailing, not only from the notations and postmarked dates stamped on the envelope, but from an agent of the Director who forwarded it at taxpayer's request and for taxpayer's convenience. There is no merit to the contentions of the taxpayers that the first mailing was abandoned and that they were misled because the letter was returned to the post office for forwarding on to them. The decisions are overwhelming that the 90-day period begins to run from the date of the mailing of the deficiency notice, not from its actual receipt. Glavin v. Commissioner, 2d Cir., 239 F.2d 166; Kiker v. Commissioner, 4 Cir., 218 F.2d 389; Underwriters, Inc., v. Commissioner, 3 Cir., 215 F.2d 953; Arkansas Motor Coaches, Ltd. v. Commissioner, 8 Cir., 198 F.2d 189; Ryan v. Alexander, supra.[2]

The petition not having been filed within 90 days after such notice was mailed, the Tax Court was without jurisdiction to consider the same and it was properly dismissed.

Affirmed.

2. In Ryan v. Alexander, 10 Cir., 118 F. 2d 750, this court said:

"The first deficiency notice was forwarded by registered mail addressed to Carey at 709 Brainiff Building, Oklahoma City, his correct address. Carey was the duly authorized agent of Ryan in charge of his income tax matters. The notice was returned to the Commissioner undelivered due to Carey's absence from Oklahoma City. Ryan's petition for appeal to the Board of Tax Appeals was not filed until after the 60-day period from the mailing of the first deficiency notice had expired. Filing of the petition for appeal within the 60-day period was a jurisdictional requirement." (Footnote omitted).