ESTATE OF WILLIAM KRUEGER, DECEASED, ANNA KRUEGER, ADMINISTRATRIX AND ANNA KRUEGER, INDIVIDUALLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82471.   Filed January 12, 1960.

*Max A. Reinstein, Esq.*, for the petitioners.
*Glen E. Hardy, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner mailed a notice on April 10, 1959, to—

Estate of William Krueger, Deceased
Anna Krueger, Administratrix, and
Mrs. Anna Krueger, Surviving Wife
10230 South Walden Parkway
Chicago 43, Illinois

determining a deficiency in income tax for 1955. Anna filed a petition with the Court for herself and as Administratrix of William's estate pursuant to that notice, on August 18, 1959, which was more than 90 days but less than 150 days after the mailing of the notice of deficiency. The Commissioner moved to dismiss the proceeding for lack of jurisdiction on the ground that the petition was not filed within the 90-day period required by law. The petitioners filed an objection to the granting of the motion on the ground that they had 150 days within which to file the petition. The motion came on for hearing on December 16, 1959, prior to which time the parties had filed a stipulation of facts.

Anna resides at the address to which the notice of deficiency was mailed. She is the widow of William Krueger who died on February 19, 1957. They filed a joint return for 1955. Anna was outside the United States on a world cruise from January 17, 1959, to May

9, and on April 10, 1959, the day on which the notice of deficiency was mailed, she was in Yokohama, Japan.

Section 272(a)(1) of the 1939 Code requires that a petition be filed within 90 days after the mailing of the notice. The last sentence of that section is as follows: "If the notice is addressed to a person outside the States of the Union and the District of Columbia, the period specified in this paragraph shall be one hundred and fifty days in lieu of ninety days." The Tax Court, in *Rebecca S. Hamilton*, 13 T.C. 747, interpreted the quoted sentence as meaning that the taxpayer should have 150 days within which to file the petition if the person, to whom the notice of deficiency was addressed, was outside the United States and that it did not refer to an address outside the United States. This interpretation was approved by the Court of Appeals for the Second Circuit in *Mindell* v. *Commissioner*, 200 F. 2d 38. However, the court in the *Mindell* case added:

But we cannot agree with its additional conclusion in that case, 13 T.C. at page 753, that the statute grants the 150 day period only to persons outside the designated area "on some settled business and residential basis, and not on a temporary basis * * * ." We find nothing in the language of the statute or in its legislative history to suggest that Congress intended to differentiate between persons temporarily absent from the United States and persons "regularly residing" abroad. Whatever the reason for the taxpayer's absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for review of the deficiency.

The Tax Court agrees with the opinion of the Court of Appeals for the Second Circuit in the *Mindell* case and has held in the present case that the petition filed after 90 days, but within 150 days from the mailing of the notice, was timely filed. The statutory provision applicable here is section 6213(a) of the 1954 Code but it contains provisions similar to those quoted above.

Reviewed by the Court.

---

HARRON, *J.*, dissenting: The filing of a petition in this Court is jurisdictional, and failure to file the petition within the time prescribed in section 6213(a), 1954 Code, is a bar to consideration by this Court. *Teel* v. *Commissioner*, 248 F. 2d 749, 750, affirming 27 T.C. 375. The question is whether the statutory period within which to file a petition here is 90 days or 150 days.

The issue involves construction of the clause in section 6213(a) reading, "or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia." In particular, the problem revolves about the meaning of the phrase, "if the notice is addressed to a person outside the States of the Union." The question has seldom been considered and the regulations of the Commis-

sioner do not deal with this matter of statutory construction. The case of *Mindell* v. *Commissioner*, 200 F. 2d 38, touches upon the problem but neither that case nor *Rebecca S. Hamilton*, 13 T.C. 747, dealt with precisely the same facts as are present here.

Consideration of whether this Court has jurisdiction to consider a cause must, without question, start with examination of the statutory notice of deficiency which is the genesis of our jurisdiction in all events, and, therefore, construction of the provisions of section 6213(a) involves consideration of the provisions of section 6212(a) and (b)(1). Section 6212(a) provides that when the Commissioner determines a tax deficiency he is authorized to send notice of such deficiency to a taxpayer by registered mail, and, of course, the "notice" mentioned in section 6213(a) is the same notice described in section 6212(a). It is provided in section 6212(b)(1) that the mailing of the deficiency notice to the taxpayer at his last known address shall be sufficient for the purposes of a tax imposed by chapter 1 or 12 and of subchapter B which relates to deficiency procedures and includes the prerequisites for the filing of a timely petition in this Court. Section 301.6212-1(b) of the Regulations on Procedure and Administration under the Internal Revenue Code of 1954 is substantially the same as the statute.

The deficiency notice which was mailed on April 10, 1959, was mailed to 10230 South Walden Parkway, Chicago 43, Illinois. It is admitted that that address is the last known address of Anna Krueger, and that it is the address of her residence. Also, it appears to be implicit that she had not changed her last known address. It is well established that the statutory period for filing a petition with this Court, be it 90 or 150 days, begins from the date of mailing of the deficiency notice, not from its actual receipt. *Glavin* v. *Commissioner*, 239 F. 2d 166; *Kiker* v. *Commissioner*, 218 F. 2d 389; *Underwriters, Inc.* v. *Commissioner*, 215 F. 2d 953; *Arkansas Motor Coaches, Ltd.* v. *Commissioner*, 198 F. 2d 189. It can only be concluded here that the above address of the petitioner was the only and last address known to the Commissioner, and that the provisions of sections 6213(a) and 6212(a) and (b)(1) were met by sending the deficiency notice by registered mail to that address. *Gregory* v. *United States*, 57 F. Supp. 962, certiorari denied 326 U.S. 747.

In my opinion the clause in section 6213(a) reading, "if the notice is addressed to a person outside the States of the Union" means that if the taxpayer is to receive the 150-day period for filing his petition in this Court the notice of deficiency must be addressed to him at his proper address outside the States of the Union. See the dissenting opinion of Judge Black in *Rebecca S. Hamilton, supra*, p. 755.

If a taxpayer whose last known address is within the United States cannot rely upon that address as his legal address which will satisfy the statutory requirements of section 6213(a) and section 6212(a) and (b)(1), it is incumbent upon him to make such arangements as will satisfy the standard contained in section 6212(b)(1), namely, that the last address of the taxpayer which is known to the Commissioner shall be sufficient for the purposes of the applicable statutory provisions. In this case, Anna Krueger had her last known address within the United States to which the Commissioner properly mailed the deficiency notice. The fact that she was traveling outside the United States on April 10, 1959, the day on which the notice of deficiency was mailed, may have delayed her receipt of the deficiency notice but that is a circumstance which was of her own making. The deficiency notice involved here was properly mailed and was a valid and adequate deficiency notice.

I believe that the majority view in this case places a strained construction upon the words "addressed to a person outside the States of the Union." Within the context of the provisions of section 6212(a) and (b)(1) the word "addressed" must be understood to mean directed and mailed by the Commissioner to the taxpayer "at his last known address." The construction which is adopted here misplaces the determinative consideration upon the physical location of the person (taxpayer) whose "last known address" is involved.

The addition to section 6213(a) of the jurisdictional period of 150 days from the date of the mailing of the deficiency notice was made without any modification of the provisions of section 6212(b)(1). Apparently, it was not deemed necessary to modify or enlarge upon any of the provisions of section 6212(b)(1). In that situation, it would appear that the proper construction of the words "addressed to a person outside of the States of the Union" must be in harmony with the now well-established construction of the 90-day period which has been made in conjunction with the provisions of section 6212(b)(1). The majority view, in my opinion, not only represents an incorrect construction of the part of section 6213(a) which is involved but also constitutes an enlargement upon the statutory provision and, therefore, judicial legislation. The conclusion reached here serves to narrow the field to which the 90-day period for filing a petition has applied up to now, to extend the area to which the 150-day period applies, and to introduce an exception to the rule that this Court does not have the power or the right to consider a petition which is filed here after the

expiration of 90 days from the date the deficiency notice was mailed. *Poyner* v. *Commissioner*, 81 F. 2d 521, 522; *Stebbins' Estate* v. *Helvering*, 121 F. 2d 892.

I disagree with the conclusion of the majority that the petitioner had 150 days from the date of the mailing of the deficiency notice within which to file her petition with this Court, and respectfully note my dissent.

BRUCE and WITHEY, *JJ.*, agree with this dissent.