ESTATE OF BESSIE DEMING LOMBARD, THE CONNECTICUT BANK
AND TRUST COMPANY, ADMINISTRATOR, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7030-75.    Filed April 5, 1976.

*John W. Hincks,* for the petitioner.
*Daniel P. Ehrenreich,* for the respondent.

OPINION

FEATHERSTON, *Judge:* Respondent has filed a motion to dismiss for lack of jurisdiction. The issue is whether the petition was timely filed. The answer depends upon whether, under section 6213(a),[1] petitioner had 90 or 150 days after the notice of deficiency was mailed to file a petition with this Court for a redetermination of the deficiency.

Decedent Bessie Deming Lombard died on March 12, 1971. At the time of her death, she was a United States citizen domiciled in Panama. Her estate included assets located in Panama and in

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the period in issue.

1

the United States. Of the assets reported on decedent's Federal estate tax return, over 75 percent were located in Panama.

Decedent's will was submitted for probate in the Second Circuit Court of Panama in Panama City, and A. Oscar Van der Dijs, a Panamanian, was designated as executor under the will. The Connecticut Bank & Trust Co. (hereinafter the bank), which filed the petition on behalf of decedent's estate, was appointed administrator to supervise the administration of decedent's United States property located in Connecticut.

By letter dated November 4, 1971, the bank notified the Internal Revenue Service (hereinafter IRS) of its appointment as fiduciary for decedent's estate and requested a 6-month extension of time within which to file the Federal estate tax return. The extension of time was granted, and the return, prepared and signed by an officer of the bank on behalf of the estate, was filed shortly before the extended due date. In the space on the face of the return entitled "Executors and administrators (including ancillary executors and administrators)" were inserted the names of the bank, designated as administrator, and A. Oscar Van der Dijs, designated as executor. Their respective Connecticut and Panama addresses were also shown.

During the audit of the Federal estate tax return by the IRS Office of International Operations, one of the bank's attorneys represented the estate. On February 27, 1975, after completion of the audit, duplicate originals of the notice of deficiency were mailed to:

Estate of Bessie D. Lombard
c/o The Connecticut Bank and Trust Co., Administrator
Estate Settlement Department
One Constitution Plaza
Hartford, Ct. 06115

and

Estate of Bessie D. Lombard
c/o A. Oscar Van der Dijs, Executor
Apartado 5027
Panama, Republic of Panama

The IRS was unaware that A. Oscar Van der Dijs was deceased at the time the notice of deficiency was mailed to him.

In May 1975, the bank's then legal representative visited the IRS Office of International Operations and met with an estate tax examiner. Following is the relevant part of a letter written by the

legal representative in which he summarizes a conversation with the estate tax examiner:

When I protested that there wasn't enough time left [to provide certain evidence] she [the estate tax examiner] said that I had 150 days from the mailing of the letter which was sent also to the Panamanian Executor. When I questioned her on this she double checked the records in the office of the IRS and told me specifically that the date set up for the assessment of the deficiency was 150 days from the mailing of the notice because of the foreign interest involved.

It was after this discussion that the decision was made that I should go personally to Panama and try to further document the evidence that the Panama Sand Company stock was not a transfer in contemplation of death.[2]

The petition in this proceeding was mailed to this Court by certified mail on July 24, 1975 (147 days after the mailing of the notice of deficiency), and was filed with the Court on July 28, 1975 (151 days after the mailing of the notice of deficiency). The parties agree that under section 7502, the petition is deemed to have been filed on July 24, 1975.

Section 6213(a), which specifies the period within which a petition may be filed with this Court, is, in pertinent part, as follows:

Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.

The question is whether the estate of a decedent, domiciled outside the United States at the time of her death, with an executor in a foreign country and an administrator in this country, to whom duplicate original notices of deficiency were mailed, has 150 days or only 90 days after the mailing of the notice of deficiency within which to file a petition with this Court. While this issue, not previously decided, is a close one, we think the answer is 150 days.

Under section 6213(a), a petition is to be filed with this Court by the "taxpayer." The term "taxpayer" is defined by section 7701(a)(14) to mean "any person subject to any internal revenue

---

2 Petitioner argues that this representation by the estate tax examiner estops respondent from denying that this Court has jurisdiction. We decline to base our decision on that ground. Cf. *Commissioner v. New York Trust Co.*, 54 F.2d 463, 466 (2d Cir. 1931), revg. 20 B.T.A. 162 (1930), cert. denied 285 U.S. 556 (1931); see also *Jules Cowan*, 54 T.C. 647 (1970).

tax." The term "person" is defined by section 7701(a)(1)[3] to include an "estate," and section 6903[4] contemplates that "the tax shall be collected from the estate of such other person" as the fiduciary represents. Accordingly, in the instant case, the "taxpayer" is not the bank, and the petition was not filed by the bank on its own behalf. Rather the "taxpayer" is decedent's estate, and the petition was filed by the estate, the taxpayer, acting through the bank as its fiduciary.[5]

Section 6213(a) also provides that a "taxpayer" has 90 days from the date the notice of deficiency is mailed within which to file a petition. But "if the notice is addressed to a person outside" the United States, 150 days is allowed. Section 6213(a) applies to income tax as well as estate tax cases, and ordinarily the "taxpayer" and the "person" to whom the notice is addressed are individuals and are one and the same. It is clear that if such taxpayer-person is outside the United States when the notice is mailed, he has 150 days within which to file his petition even though the notice is mailed to an address within the United States. Stated another way, the word "outside" modifies "person" rather than "addressed." *Mindell v. Commissioner,* 200 F.2d 38, 39 (2d Cir. 1952), revg. a Memorandum Opinion of this Court; *Estate of William Krueger,* 33 T.C. 667, 668 (1960); *Rebecca S. Hamilton,* 13 T.C. 747, 751-752 (1949).

The difficulty here is that the "person" to whom the notice was addressed is not an individual but the estate of Bessie Deming Lombard. The estate had two fiduciaries—one in Panama and one in the United States—and a duplicate original of

---

[3] SEC. 7701. DEFINITIONS.

(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

　(1) PERSON.—The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.

[4] SEC. 6903. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) RIGHTS AND OBLIGATIONS OF FIDUCIARY.—Upon notice to the Secretary or his delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

(b) MANNER OF NOTICE.—Notice under this section shall be given in accordance with regulations prescribed by the Secretary or his delegate.

[5] Thus, Rule 23(a)(1) of the Rules of Practice and Procedure of this Court, entitled "Caption," states in part:

"The name of an estate or trust or other person for whom a fiduciary acts shall precede the fiduciary's name and title, as for example 'Estate of John Doe, deceased, Richard Roe, Executor.' "

the notice of deficiency was mailed to each of them. Was the "person" referred to in section 6213(a) outside the United States when those notices were mailed? We think the most reasonable answer is "yes." The decedent was domiciled in Panama; her will was probated there; an executor was appointed there;[6] over 75 percent of decedent's assets were there; and the adjustment challenged by the pleadings involves the transfer by decedent of stock in the Panama Sand Co. to another Panamanian national. Where the issue was whether a fictitious person, a domestic corporation with a registered office in this country but with its business operations, employees, agents, officers, and majority shareholders abroad, was "outside" the United States, the practical facts have been held to be important. *Degill Corp.*, 62 T.C. 292, 298-300 (1974). Similarly, the foregoing practical facts in the instant case demonstrate that the situs of decedent's estate was in Panama and the "person" referred to in section 6213(a) was outside the United States when the notice was mailed. Accordingly, the estate had 150 days within which to file its petition.[7]

Had the petition been filed on behalf of decedent's estate by A. Oscar Van der Dijs, the Panamanian executor, or his successor, rather than the bank, respondent's arguments would not apply. Similarly, had the bank, after the notice of deficiency was mailed, been replaced as administrator by an individual who was outside the United States on the date of the notice's mailing, the literal language of the 150-day provisions of section 6213(a) would have been met. While neither of these possibilities occurred, they serve to emphasize that the identity of the fiduciary who actually filed the petition on behalf of the estate is only one of the factors which should control the applicability of the 150-day rule of section 6213(a).

*An appropriate order will be issued.*

---

[6] We do not regard it as significant that the executor, A. Oscar Van der Dijs, died prior to the issuance of the notice. We may reasonably assume that the Panamanian court could have appointed a successor executor or other authorized fiduciary.

[7] In reaching this conclusion, we do not intend to hold that the estate of a United States domiciliary does not have 150 days to file a petition if the administrator or executor is outside the United States when the notice is mailed. See *Estate of William Krueger*, 33 T.C. 667, 668 (1960).