JOHN PHILLIPS LAWTON & BARBARA LAWTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lawton v. Commissioner
Docket No. 10238-78S.
United States Tax Court
T.C. Memo 1979-203; 1979 Tax Ct. Memo LEXIS 320; 38 T.C.M. (CCH) 844; T.C.M. (RIA) 79203; May 22, 1979, Filed John Phillips Lawton, pro se. Edward J. Laubach, Jr., for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion to dismiss for lack of jurisdiction was assigned to and heard by Special Trial Judge Daniel J. Dinan. The Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This matter is before the Court on respondent's "Motion to Dismiss for Lack *321 of Jurisdiction," filed November 27, 1978. Respondent contends that the petition herein was not filed within the period prescribed by section 6213(a) of the Internal Revenue Code of 1954[2] and that, therefore, the Court lacks jurisdiction over this case. Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1974 in the amount of $670.32. On April 12, 1978, respondent mailed notices of deficiency to petitioners by certified mail, addressed to each of the following three addresses: 1. Mr. John P. Lawton & Mrs. Barbara J. Lawton, Headquarters Co. (G-3), VII Corps, A.P.O. New York, New York, 09017, 2. Mr. John P. Lawton & Mrs. Barbara J. Lawton, 6200 Landon Lane, Bethesda, Maryland, 20034, and, 3. Mr. John R. (sic) Lawton & Mrs. Barbara J. Lawton, S 3 2nd Brigade, 3rd Inf. Div., New York, New York, 09162. The ninety-day period for timely filing the petition with this Court, beginning from the date the notice of deficiency was mailed, expired on *322 Tuesday, July 11, 1978, which date was not a legal holiday in the District of Columbia. The petition in this case was filed with this Court on September 1, 1978, which is 142 days from the mailing of the statutory notice of deficiency. The foregoing facts are not in dispute. John Phillips Lawton (petitioner), however, claims that the petition was timely filed. He admits that he returned to the United States from his assignment in Kitzingen, Germany, on or about July 8, 1977. He further admits that he received the statutory notice of deficiency at his home in Coraopolis, Pennsylvania, on April 18, 1978. This Court parenthetically notes that the petitioner listed his address as 6200 Landon Lane, Bethesda, Maryland, 20034, on his and his wife's 1974 joint Federal income tax return and that the respondent had not been notified that the petitioners' address had been changed from that shown on their return for 1974. Because one of the statutory notices of deficiency listed an address overseas, however, the petitioner submits that he had one hundred and fifty days from the mailing date of the notice. Unfortunately for the petitioner, such is not the law. In Estate of Krueger v. Commissioner,33 T.C. 667 (1960), *323 the Commissioner mailed a statutory notice of deficiency to the Administratrix, Anna Krueger, on April 10, 1959, addressed to her at her home in Chicago, Illinois. Anna Krueger filed a petition with this Court on August 18, 1959, beyond the 90-day period but less than the 150-day period. Anna Krueger was outside the United States on a world cruise from January 17, 1959 to May 9, 1959. The respondent moved to dismiss the proceeding on the ground that the petition was not filed within the 90-day period required by law. This Court ruled that the petition was timely filed. It cited the provisions of section 272(a)(1) of the 1939 Code, the predecessor section to the current section 6213(a) of the 1954 Code, stating, p. 668: * * * "If the notice is addressed to a person outside the States of the Union and the District of Columbia, the period specified in this paragraph shall be one hundred and fifty days in lieu of ninety days." The Tax Court, in Rebecca S. Hamilton,13 T.C. 747, interpreted the quoted sentence as meaning that the taxpayer should have 150 days within which to file the petition if the person, to whom the notice of deficiency was addressed, was outside *324 the United States and that it did not refer to an address outside the United States. * * * Sixteen years later, in Estate of Lombard v. Commissioner,66 T.C. 1 (1976), this Court again addressed itself to the 90-versus-150-day rule. At page 4 of its opinion, this Court stated: Section 6213(a) also provides that a "taxpayer" has 90 days from the date the notice of deficiency is mailed within which to file a petition. But "if the notice is addressed to a person outside" the United States, 150 days is allowed. * * * It is clear that if such taxpayer-person is outside the United States when the notice is mailed, he has 150 days within which to file his petition even though the notice is mailed to an address within the United States. Stated another way, the word "outside" modifies "person" rather than "addressed." * * * We have no recourse here but to dismiss this case. When the statutory notice of deficiency was mailed, the petitioner was within the United States. That copy of the notice, dated April 12, 1978, addressed to the petitioners' last known address at 6200 Landon Lane, Bethesda, Maryland, 20034, was received by the petitioners on April 18, 1978. *325 The petition filed in this case on September 1, 1978, was outside the ninety day limit and, therefore, was untimely. This Court has no jurisdiction in this case. Respondent's motion will be granted. An appropriate order will be entered. Footnotes
1. Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and in effect during the tax year here involved, unless otherwise indicated.↩