JAY M. BARRASH AND SANDRA BARRASH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barrash v. Commissioner
Docket No. 15873-86.
United States Tax Court
T.C. Memo 1987-592; 1987 Tax Ct. Memo LEXIS 591; 54 T.C.M. (CCH) 1230; T.C.M. (RIA) 87592; December 2, 1987. Bruce Locke and George W. Connelly, Jr., for the petitioners. Ana G. Cummings, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSON, Judge: The parties' cross motions to dismiss for lack of jurisdiction were assigned to Special Trial Judge Joan Seitz Pate[1] for hearing, consideration and ruling thereon pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180 and 181. [2] The Court agrees with and adopts her opinion which is set forth below. *593 OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: 1979
1980
1981
Deficiency
$ 88,761.00
$ 52,850.00
$ 45,087.00
Additions to Tax:
Sec. 6653(a)(1)
4,438.05
2,642.50
2,254.35
Sec. 6653(a)(2)
-
-
*
Sec. 6659
-
-
10,926.60
Respondent has moved to dismiss for lack of jurisdiction on the grounds that the petition was not filed within the time prescribed by law. Petitioners have also moved to dismiss for lack of jurisdiction alleging that respondent failed to properly mail or deliver the notice of deficiency, thereby rendering it invalid. Alternatively, petitioners ask us to extend the time for filing a petition with this Court to 90 days after the date petitioners received a copy of the notice of deficiency. A ruling in favor of petitioners on this alternative argument would result in our having jurisdiction to determine this case on its merits. Jay M. Barrash and Sandra Barrash (Hereinafter collectively "petitioners"), *594 husband and wife, filed joint Federal income tax returns for 1979, 1980 and 1981, which were received by respondent on May 9, 1980, June 15, 1981, and July 23, 1982, respectively. Dr. Barrash styled himself as "Jay M. Barrash" on his 1979 return and "J. Martin Barrash" on his 1980 and 1981 returns. [3] At all times relevant to this litigation, petitioners resided at 5106 Glenmeadow, Houston, Texas 77096 (hereinafter "Glenmeadow address"). During the years in issue, Dr. Barrash, a physician, maintained offices at 7000 Fannin, Suite 1570, Houston, Texas 77030 (hereinafter "Fannin Street address"). During all of these years, petitioners deducted losses attributable to a purported "tax shelter" entitled DJL Arts. Petitioners also deducted losses from several other activities and partnerships including, for 1980 and 1981, a partnership entitled SCJ Enterprises #1 Crude (hereinafter "SCJ"). Dr. Barrash was listed as "Dr. Martin Barrash" at the Fannin Street address on Schedule K1 of SCJ's partnership return. By letter dated November 15, 1982, respondent *595 notified petitioners that their 1979 and 1980 income tax returns had been selected for audit. [4] At that time, petitioners executed a Form 2848, Power of Attorney, appointing their Certified Public Accountant (hereinafter "CPA") as their representative. On that form they requested that their CPA be sent copies of notices and other written communications concerning their 1979 and 1980 tax liabilities. *596 On February 17, 1983, their CPA executed a Form 872-A, which extended the statute of limitations on petitioners' 1979 return but restricted the consent to specific items, including DJL Arts. In March 1984, respondent's Examination Support Staff (hereinafter "ESS") requested that petitioners sign a Form 872-A consenting to extend the limitations period on their 1980 income tax return. Their CPA requested that the extension be limited to particular areas of concern. In response, the ESS stated, in a letter dated April 27, 1984, that a notice of deficiency would be prepared on "May 10, 1984 if we have not received the signed consents at that time." Signed consents were never submitted. A notice of deficiency dated June 13, 1984, determining deficiencies in petitioners' income tax lisbilities for 1979, 1980 and 1981 was prepared by respondent. The year 1981 was included because of respondent's policy of including all years affected by a tax shelter when issuing a notice of deficiency involving that shelter. Respondent claims that he sent such notice to petitioners at their Glenmeadow address. Petitioners maintain that neither they nor their CPA received the original or a copy *597 of the notice of deficiency. Moreover, the Postal Service has no record of delivery nor was the notice of deficiency returned to respondent as undeliverable or refused. [5]
On July 30, 1984, the ESS was notified by the Examination Division that petitioners' 1981 income tax return was under examination because of their investment in SCJ. The ESS, assuming that the statute of limitations on petitioners' 1981 income tax return would expire on April 15, 1985, sent petitioners a letter dated September 5, 1984 requesting that they sign Form 872-A consenting to extend the statute of limitations for 1981. Petitioners' CPA again proposed that the parties limit the extension to particular areas of concern. In a letter dated October 4, 1984, the ESS stated that it had not yet received a copy of petitioners' 1981 return and requested that petitioners provide a copy to expedite matters. On October 18, 1984, respondent sent a letter entitled "Final Request" *598 to petitioners explaining that he had not received an extension from petitioners for the 1981 return and that ESS would "have to act" on the return before the statute of limitations expired. A second "Final Request" letter, dated November 15, 1984, was mailed to petitioners. Therein, the ESS again informed petitioners that it had no record of a reply and stated that "If we do not receive the Form 872-A within 15 days, a statutory notice of deficiency will be issued." In response thereto, on November 17, 1984, petitioners' CPA sent respondent a copy of petitioners' 1981 income tax return together with a Form 872-A for that year, signed by petitioners, containing the same restrictions agreed to with regard to their 1979 return. Apart from the extension requests regarding 1981 caused by petitioners' investment in SCJ, respondent independently assessed the tax and additions to tax reflected in the June 13, 1984 notice of deficiency on November 8, 1984. After the statement of the assessment was sent to petitioners in the middle of November, their CPA contacted respondent in an attempt to ascertain the basis for the assessment, but was unsuccessful in determining its origin. In fact, *599 a letter addressed to respondent by petitioners' attorney showed that petitioners were still attempting to obtain a copy of the notice of deficiency on February 24, 1985. After additional communications with petitioners' representative, respondent finally sent petitioners' attorney a copy of the notice of deficiency on March 5, 1986. In the meantime, petitioners filed a complaint in the United States District Court for the southern District of Texas on March 13, 1985 to set aside the assessment and enjoin the collection of taxes for 1979, 1980 and 1981. On May 27, 1986 a petition was filed in this Court contesting respondent's determinations for 1979, 1980 and 1981. Following a motion in the District Court by the United States to dismiss petitioners' case or for summary judgment therein, the District Court issued an order on approximately June 18, 1986 deferring any action in that case until we reach a decision in the present case. Basically, petitioners maintain that respondent did not properly prepare and mail the notice of deficiency, that the Postal Service did not properly deliver it, and, therefore, it is invalid to establish our jurisdiction over this case. Conversely, *600 respondent maintains that the notice of deficiency was properly mailed to petitioners' last known address, that it is valid regardless of actual receipt, that the petition was not filed within 90 days of that mailing; and therefore, we must grant his motion to dismiss for lack of jurisdiction. [6]
The law is well settled that both a valid notice of deficiency and a timely filed petition are necessary to maintain an action in this Court. Secs. 6212 and 6213; e.g., Pyo v. Commissioner,83 T.C. 626, 632 (1984); Mollet v. Commissioner,82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Keeton v. Commissioner,74 T.C. 377, 379 (1980). Generally, a notice of deficiency is issued when mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b)(1); sec. 301.6212-1(a) and (b), Proced. & Admin. Regs. A petition must be filed *601 with this Court within 90 days after the mailing of the notice of deficiency.[7]Sec. 6213(a). Respondent has the burden of proving that the notice of deficiency was properly sent by certified or registered mail. August v. Commissioner,54 T.C. 1535, 1536 (1970); see Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). To this end, we have considered respondent's standard procedure for preparing and mailing notices of deficiency in his Houston Office during 1984. This procedure began with a 90-day notices clerk reviewing a draft notice of deficiency for correctness, directing that the notice be typed, proofreading the typed notice, and submitting it to the ESS for further review. When satisfactory, the ESS initialed and returned it to the 90-day notices clerk, who then completed the Forms 3877 (a list of the notices of deficiency mailed on that particular day) which included listing the name and address of petitioners, the years covered by the notice of deficiency, *602 the insertion of the total number of notices listed on that particular form, checking the box for certified mail, and initialing the top right hand corner signifying that all clerical tasks were completed and checked. Then, each line item was assigned a consecutive certified mail number, each notice of deficiency was placed in a window envelope, and the certified mail number was written on the envelope. The names and addresses showing through the envelope window was once again checked against the Form 3877. Quality Management Program [8] personnel then compared the address on the notice of deficiency with the envelope and, in turn, to the information recorded on Form 3877. If no changes were required, the 90-day notices clerk sealed the envelopes and contacted the mail room for pickup. The mail room clerk delivered the certified letters to the post office only after independently verifying that the number of envelopes coincided with the number of entries on Form 3877 and after comparing the name, address and certified number on each envelope to that listed on the Form 3877. Upon receipt, the Postal Service verified the count, entered the number of envelopes on Form 3877, and matched *603 the certified on each envelope to the number listed on Form 3877. Thereafter, the Postal Service postmarked and signed the Form 3877 and returned it to the mail room clerk. Finally, the mail room clerk initialed the Form 3877 before returning it to the Houston Office. A small number of errors were discovered and corrected at each stage of this process. The Form 3877 dated June 13, 1984 contains petitioners' names; the Glenmeadow address; notations of tax years "8112, 8012 and 7912;" initials of the ESS employee and the 90-day notices clerk; the total number of envelopes listed by respondent (15); the total number of envelopes received at the Post Office (15); a June 13, 1984 postmark; the initials of the mail clerk and the signature of the Postal Service employee accepting the certified mail. In the absence of contrary evidence, this Form 3877 alone is proof that respondent mailed the notice of deficiency by certified mail to petitioners' last known address. *604 United States v. Zolla,724 F.2d 808, 810 (9th Cir. 1984), cert. denied 469 U.S. 830 (1984). Cf. Magazine v. Commissioner,89 T.C. 321 (1987). Therefore, petitioners must show that respondent did not follow these procedures with regard to the notice of deficiency addressed to them. See United States v. Ahrens,530 F.2d 781, 785 (8th Cir. 1976); August v. Commissioner,54 T.C. at 1538-1539. Petitioners first contend that an error made at any stage of respondent's standard processing procedures could have resulted in an error in issuing the notice of deficiency in this case. We recognize that there is always a possibility of human error. However, errors discovered in a small number of notices do not prove that an error was made in this case. See United States v. Ahrens, supra at 785-786. Quite the contrary, we are convinced that respondent's procedures effectively minimized errors in such notices; thus, lowering the probability of error in this case. Second, petitioners argue that respondent would not have requested that petitioners consent to extend the statute of limitations on *605 1981 in September of 1984 had respondent previously issued a notice of deficiency covering that year. Respondent admits that these requests were unnecessary, and we might add that they do not add to the sound administration of the tax law. We note, however, that Dr. Barrash may have been partially responsible for this confusion inasmuch as he styled himself as "Jay M. Barrash" at the Glenmeadow address on his 1979 income tax return (resulting in the notice of deficiency being so issued) and as "Dr. Martin Barrash" at the Fannin Street address on SCJ's partnership return (which gave rise to respondent's September 1984 requests for extension of the statute of limitations). Cf. Lifter v. Commissioner,59 T.C. 818, 821 (1973). However, petitioner's taxpayer identification number was identical on all these forms and this alone should have adequately identified petitioner. Admittedly, the September 1984 extension request coupled with the alleged lack of delivery of the notice of deficiency was confusing to petitioners. Nevertheless, these factors do not control our jurisdiction. Rather, our determination is predicated on whether the notice of deficiency was mailed *606 to petitioners by respondent and as we stated earlier, respondent has presented sufficient evidence to show the notice of deficiency was mailed. Consequently, we surmise that it was respondent's system for processing consents to extend the statute of limitations that failed in this case. Either the information regarding the notice of deficiency covering 1981 had not been properly entered into all of respondent's records necessary for consistent treatment, or those records were not adequately consulted prior to the ESS making their requests to extend the statute of limitations for 1981. Third, petitioners argue that respondent would not have issued a notice of deficiency for 1981 because he had not yet audited that return. However, there is no requirement that respondent audit a return before issuing a notice of deficiency. See Boyer v. Commissioner,69 T.C. 521, 543-544 (1977). Moreover, including 1981 on the notice of deficiency was consistent with respondent's policy of issuing a notice of deficiency for all years relating to a particular tax shelter. The statute of limitations on petitioners' 1980 return was due to expire on June 15, 1984. Consistent with this *607 policy, respondent included all years in which petitioners had claimed losses relating to DJL Arts when he issued the notice of deficiency dated June 13, 1984. Finally petitioners put forth what we deem their most persuasive argument. They contend that the notice of deficiency was never mailed because: (a) it was not received by either petitioners or their CPA; (b) it was never returned to respondent; and (c) the postal service has no record of delivery. For the reasons stated below, we disagree. First, it is unclear from the record whether respondent even attempted to mail a copy of the notice of deficiency to petitioners' CPA. Although the power of attorney petitioners filed with respondent requested that copies of correspondence be sent to their CPA, such copies are a matter of courtesy and in no way affect the mailing requirements of section 6212. McDonald v. Commissioner,76 T.C. 750, 753 (1981); Houghton v. Commissioner,48 T.C. 656, 661 (1967); Allen v. Commissioner,29 T.C. 113, 117 (1957). Moreover, since respondent issued the notice of deficiency for 1979, 1980 and 1981, while their CPA's power of attorney covered *608 only 1979 and 1980, respondent may have been precluded from sending the CPA a copy. See sec. 6103. Second, we are satisfied that the standard procedures respondent used in Houston during the summer of 1984 contained sufficient safeguards to assure that notices of deficiencies were addressed and mailed as reflected on Form 3877. Petitioners have presented no evidence directly contradicting the testimony of various persons involved with the preparation and mailing of the notice of deficiency or the result of these procedures reflected on Form 3877. Therefore, we hold that respondent mailed the notice of deficiency covering the taxable years 1979, 1980 and 1981 by certified mail to petitioners' last known address on June 13, 1984. Nevertheless, petitioners alternatively contend that their failure to receive the notice of deficiency was due to mishandling by the Postal Service and a technical construction of the statute limiting respondent's duty to placing their notice in the hands of the Postal Service would penalize them in a manner which is inequitable, unnecessary, inappropriate and improper. Petitioners rely on the fact that they allegedly never received the notice, that *609 it was never returned to respondent, and that the Postal Service has no record of delivery, as evidence of the Postal Service's mishandling. since we have found that respondent delivered a properly addressed notice of deficiency to the Postal Service, petitioners had to overcome a strong presumption in the law that it was delivered or offered for delivery to them. Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). After due consideration, we find that petitioners have not overcome this presumption. The record simply does not show what happened to the notice of deficiency. Further, as previously stated, section 6212 only requires that respondent send, by certified or registered mail, a properly addressed notice of deficiency. It does not require that the taxpayer receive such notice. Therefore, if the Postal Servie mishandles a notice in such a way that both parties are unaware of the mishandling, the risk of nondelivery falls on the taxpayer. See *610 United States v. Ahrens,530 F.2d at 785. [9]
This result may seem unfair and may even be harsh. We recognize that, although other litigating forums are available to the taxpayer to challenge the amount of his tax, they are only available after payment of the tax. Advance payment may be very difficult or even impossible in some instances. Yet, as harsh as the result may seem, the extent of our jurisdiction is determined by Congress. The result we reach here is the only one which gives full meaning to the clear language of section 6212. Cataldo v. Commissioner, supra.See, e.g., DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967), cert. denied 389 U.S. 996 (1967); Brown v. Lethert,360 F.2d 560, 562 (8th Cir. 1966); Frieling v. Commissioner,81 T.C. 42, 52 (1983); Lifter v. Commissioner,59 T.C. at 820-821. This Court has no right to extend our jurisdiction on equitable grounds. [10]
*611 Finally, petitioners argue that they were "lulled to sleep" by respondent requesting a consent to extend the statute after issuance of the notice of deficiency and they should not suffer the consequences of respondent's actions. It is well established that the 90-day period commences with the mailing of a properly addressed notice of deficiency, irrespective of the date of actual receipt by the taxpayer. Wilson v. Commissioner,564 F.2d 1317, 1319 (9th Cir. 1977), affg. per curiam on this issue an unreported order of this Court; Teel v. Commissioner,248 F.2d 749, 751 (10th Cir. 1957), affg. 27 T.C. 375 (1956); Roszkos v. Commissioner,87 T.C. 1255, 1266 (1986), on appeal (9th Cir., July 14, 1987); cf. Frieling v. Commissioner,81 T.C. 42, 48 (1983). This Court has no authority to grant petitioners' motion to extend the 90-day period for filing a petition, "whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required time period." *612 Axe v. Commissioner,58 T.C. 256, 259 (1972). Therefore, even assuming respondent's actions put petitioners into a soporific state, we have no power to confer jurisdiction upon ourselves as a result. Ruby v. Commissioner,2 B.T.A. 377, 378 (1925). The long and short of it is that respondent mailed a notice of deficiency by certified mail to petitioners at their last known address on June 13, 1984. Petitioners allege that for some unknown reason it was not delivered to them. Nonetheless, petitioners had 90 days from June 13, 1984 to file a petition with this Court. In fact, the petition herein was not filed until May 27, 1986, almost two years later. Therefore, by clear statutory mandate the petition was not timely filed. Accordingly, respondent's motion to dismiss for lack of jurisdiction is granted and petitioners' motion to dismiss for lack of jurisdiction is denied. An appropriate order will be entered.
Footnotes
1. These cross motions were originally assigned to Special Trail Judge Carlton D. Powell. After hearing part of the testimony, he recused himself and this case was reassigned to Special Trial Judge Joan Seitz Pate. The parties have stipulated that this Court may rule on these cross motions using the record introduced before Judge Powell, as supplemented by the additional evidence the parties introduced at a further hearing before Judge Pate↩. 2. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. Fifty percent of the interest due on the underpayment of $ 45,087.00. ↩
3. Dr. Barrash signed his 1979 and 1981 income tax returns as "J. Martin Barrash" and his 1980 income tax return as "Jay M. Barrash." ↩
4. At trial, respondent objected to the admission into evidence of the November 15, 1982 letter, and to the admission of various other documents prepared by respondent thereafter, correspondence between respondent and petitioners, and a Postal Service letter responding to inquiries regarding the mailing of the notice of deficiency. We reserved ruling on respondent's objections. Respondent contends that the letter, documents, and correspondence are irrelevant because they do not tend to prove or disprove the mailing of the notice of deficiency in this case. Respondent further argues that the letter concerning the audit of petitioners' 1979 and 1980 returns is inadmissible because it relates to the practices and procedures respondent employed in determining the deficiencies in this case. Generally, this Court will not look behind a notice of deficiency at respondent's practices and procedures in making his determinations. Vallone v. Commissioner,88 T.C. 794, 806 (1987), and the cases cited therein. However, for purposes of these cross motions we are not determining the amount of a deficiency, but rather whether respondent properly produced and mailed a notice of deficiency. Respondent's practices and procedures are relevant for that purpose. Fed. R. Evid. 401. See Shelton v. Commissioner,63 T.C. 193, 198 (1974); Cataldo v. Commissioner,60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Moreover, although respondent objected to admitting the Postal Service letter as hearsay, he did not argue this position on brief and, consequently, we deem it abandoned. See Rule 151(e); Strasser v. Commissioner,T.C. Memo. 1986-579, n.13. See also Calcutt v. Commissioner,84 T.C. 716, 721-722↩ (1985). Accordingly, the foregoing letters and documents are admitted into evidence for purposes of these cross motions. 5. The post office's failure to have a record of delivery of a piece of certified mail means only that there is no delivery record of the letter; it does not necessarily mean that the post office did not receive or deliver the letter. ↩
6. This Court has jurisdiction to determine whether we have jurisdiction. Pyo v. Commissioner,83 T.C. 626, 632 (1984); Brannon's of Shawnee, Inc. v. Commissioner,69 T.C. 999, 1002↩ (1978). 7. A petition must be filed within 150 days if the notice of deficiency is addressed to a person outside the United States. ↩
8. This was a special review program conducted at respondent's Houston Office in 1984. ↩
9. See also Brooks v. Commissioner,T.C. Memo. 1984-20↩, on appeal (9th Cir., Sept. 13, 1984). 10. See Shipley v. Commissioner,572 F.2d 212, 214↩ (9th Cir. 1977), affg. a Memorandum Opinion of this Court.