LECH E. AND MARION K. BORYSIAK, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Borysiak v. Commissioner
Docket No. 32583-88
United States Tax Court
T.C. Memo 1990-198; 1990 Tax Ct. Memo LEXIS 221; 59 T.C.M. (CCH) 437; T.C.M. (RIA) 90198; April 18, 1990
Lech E. and Marion K. Borysiak, pro se. Daniel Guy, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A [1] of the Code. The Court agrees with and adopts the Special Trial Judge's opinion, *222 which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed February 6, 1989. The notice of deficiency, dated November 5, 1987, determined deficiencies and additions to tax for the taxable years 1976, 1977, 1979, and 1980 through 1984 as follows: Sec.
Sec.
Sec.
Sec.
Sec.
6651
6653
6653
6653
6653
Sec.
Year
Deficiency
(a)(1)
(a)
(b)
(b)(1)
(b)(2)
6661
1976
$ 23,334
$ 4,342
$ 1,167
--
--
--
--
1977
$ 34,557
$ 7,148
$ 1,728
--
--
--
--
1979
$  5,059
--
$   253
--
--
--
--
1980
$ 15,248
--
--
$  7,624
--
--
--
1981
$ 33,602
--
--
$ 16,801
--
--
--
1982
$ 36,872
--
--
--
$ 18,436
50% of in-
$  9,218
terest due
on $ 36,872
1983
$ 45,169
--
--
--
$ 22,585
50% of in-
$ 11,292
terest due
on $ 45,169
1984
$ 12,891
--
--
--
$  6,446
50% of in-
$  3,223
terest due
on $ 12,891
*223 The notice was sent by certified mail on November 5, 1987, to petitioners' last known address, 17585 Juday Lake Drive, South Bend, Indiana 46635. The executed Application for Registration or Certification, U.S. Postal Service Form 3877, postmarked November 5, 1987, reflects that the notice of deficiency was delivered to the U.S. Postal Service for mailing to petitioners. Petitioners allege that they did not receive the original notice of deficiency. After petitioners received statements of tax due, petitioners requested that a copy of the notice of deficiency be sent to them. Petitioners received a copy of the notice of deficiency on September 24, 1988. The 90-day period for timely filing the petition with this Court from issuance of the notice of deficiency mailed November 5, 1987, expired on Wednesday, February 3, 1988, which date was not a legal holiday in the District of Columbia. The petition was filed with the Tax Court on Thursday, December 22, 1988, which date is more than one year after the issuance of the notice of deficiency. The envelope in which the petition was contained bears a U.S. Postal Service postmark dated December 19, 1988. Section 6213(a) provides *224 that a taxpayer may file a petition with this Court for redetermination within 90 days after the notice of deficiency is mailed. The law is well settled that both a valid notice of deficiency and a timely filed petition are necessary to maintain an action in this Court. Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Mollet v. Commissioner, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). Petitioners assert that the statutory notice of deficiency dated November 5, 1987, was not properly mailed to them on that date. Petitioners allege that the U.S. Postal Service in South Bend, Indiana, does not have any record of delivery of the certified mail to petitioners at or around the November 5, 1987 mailing date. Petitioners apparently conclude that the petition filed within 90 days of receipt of the copy of the notice of deficiency (September 24, 1988) is, therefore, timely. Section 6212 authorizes respondent to send a notice of deficiency to the taxpayer by certified or registered mail. If mailed to the taxpayer's last known address, *225 the notice is deemed sufficient. It does not require that the taxpayer receive such notice. United States v. Ahrens, 530 F.2d 781, 785 (8th Cir. 1976). Respondent has the burden of proving that the notice of deficiency was properly mailed. August v. Commissioner, 54 T.C. 1535, 1536 (1970). In absence of contrary evidence, the U.S. Postal Service Form 3877 is proof that respondent properly mailed the notice of deficiency by certified mail to petitioners' last known address. Keado v. United States, 853 F.2d 1209 (5th Cir. 1988); United States v. Ahrens, supra; United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, 94 T.C. (Feb. 16, 1990). Respondent has satisfied the requirement of proper mailing of the notice of deficiency. Coleman v. Commissioner, supra; United States v. Ahrens, supra at 785; August v. Commissioner, supra at 1538-1539. The U.S. Postal Service Form 3877 postmarked November 5, 1987, reflects that the notice of deficiency was delivered to the U.S. Postal Service for mailing to petitioners. Petitioners *226 submitted a statement allegedly from the U.S. Postal Service at South Bend stating that there was no record of delivery. Respondent's contact with the postal service raised some doubt as to the authenticity of the postal service statement. Furthermore, such statement, even if authentic, did not necessarily prove a failure of proper mailing. At best, the evidence reflects a failure to make or keep a record of delivery by the postal service. Respondent further points out that the original notice of deficiency was never returned to him as undelivered. The evidence in this record fails to disclose the reason for petitioners not receiving the original notice of deficiency. We cannot tell whether it was the fault of the postal service, some other party, or whether anyone should be "faulted." In circumstances such as these, it appears doubtful that anyone could adequately explain or uncover the reason for petitioners' failure to receive the original notice of deficiency. We are satisfied, however, that the notice of deficiency was properly delivered by respondent to the postal service for mailing. Section 6212(b)(2) was enacted as a safe harbor to protect respondent when actual notice *227 is not given. Miller v. Commissioner, 94 T.C. (Mar. 8, 1990); Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The notice of deficiency is valid since respondent followed the procedures set forth in section 6212 even though the notice may not have been received by petitioner. Berger v. Commissioner, 404 F.2d 668, 672 (3rd Cir. 1968), affg. 48 T.C. 848 (1967); DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Frielinq v. Commissioner, supra at 52. [2]
Furthermore, the mailing of a copy of the notice of deficiency to petitioners did not begin a new 90-day period for filing a petition. Pfeffer v. Commissioner, 272 F.2d 383 (2d Cir. 1959); Teel v. Commissioner, 248 F.2d 749 (10th Cir. 1957), affg. 27 T.C. 375 (1956). Petitioners do not allege nor is there anything in this record to indicate that petitioners' failure to receive the original notice of deficiency was due to an incorrect address. Cf. *228 Eppler v. Commissioner, 188 F.2d 95 (7th Cir. 1951); Cole v. Commissioner, 30 T.C. 665, 672 (1958). An order granting respondent's motion to dismiss for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years at issue.↩
2. Adair v. Commissioner, T.C. Memo. 1986-137↩.