## MINDELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 89, Docket 22451.

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1952.

Decided Nov. 24, 1952.

Boris Kostelanetz, New York City, Rexford E. Tompkins, New York City, of counsel, for petitioner.

Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack and George F. Lynch, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

PER CURIAM.

The Internal Revenue Code, 26 U.S. C.A., § 272(a) (1), provides that within 90 days after the mailing of a deficiency notice, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. The final sentence of the paragraph reads:

"If the notice is addressed to a person outside the States of the Union and the District of Columbia, the period specified in this paragraph shall be one hundred and fifty days in lieu of ninety days."

On March 15, 1951 the Commissioner sent a deficiency notice by registered mail addressed to the taxpayer at his last known address in Woodmere, Long Island, New York. Within 150 days but more than 90 days after the mailing, the taxpayer filed his petition for redetermination. The Commissioner moved to dismiss the petition as filed too late. Upon the hearing of the motion the movant introduced evidence that in March 1950 the taxpayer had been indicted for tax evasion, pleaded not guilty, and been released on bail, and that the bail

was forfeited on February 9, 1951. There was also received in evidence an affidavit by the taxpayer, dated December 6, 1951, that he and his family had gone to Mexico in November 1950 and remained there continuously thereafter, his children being in school in Mexico City and he being regularly employed there. Without opinion the Tax Court granted the Commissioner's motion and dismissed the petition for lack of jurisdiction.

 We agree that the filing of a timely petition for redetermination is jurisdictional.[1] We agree also with the Tax Court's interpretation of section 272(a) (1) that the words "outside the States of the Union" refer to the word "person" rather than to the word "addressed." Hamilton v. Commissioner, 13 T.C. 747. But we cannot agree with its additional conclusion in that case, 13 T.C. at page 753, that the statute grants the 150 day period only to persons outside the designated area "on some settled business and residential basis, and not on a temporary basis * * *". We find nothing in the language of the statute or in its legislative history to suggest that Congress intended to differentiate between persons temporarily absent from the United States and persons "regularly residing" abroad. Whatever the reason for the taxpayer's absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for review of the deficiency. We think the fact of "residence" abroad irrelevant.

 But even on the Tax Court's theory that the taxpayer must show that he was "regularly residing" abroad, we fail to see why his affidavit was insufficient to establish that fact. Evidence that he had been indicted and jumped bail, if relevant at all, would seem to support his claim of residence in Mexico, since it might raise an inference that his motive in going there

was such as to make it unlikely that he would return to the United States in the near future. How such evidence could have been supposed to aid the movant we cannot understand. Outlawry for crime has not been recognized for centuries.

Order reversed.

---

1. Lewis-Hall Iron Works v. Blair, 57 App. D.C. 364, 23 F.2d 972, 974, certiorari denied 277 U.S. 592, 48 S.Ct. 529, 72 L. Ed. 1004; Poynor v. Commissioner, 5 Cir., 81 F.2d 521, 522; Ryan v. Alexander, 10 Cir., 118 F.2d 744, 750; Stebbins' Estate v. Helvering, 74 App.D.C. 21, 121 F.2d 892, 893; Di Prospero v. Commissioner, 9 Cir., 176 F.2d 76, 77.