ELECTRONIC AUTOMATION SYSTEMS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Electronic Automation Systems, Inc. v. Commissioner
Docket No. 9024-75
United States Tax Court
T.C. Memo 1976-270; 1976 Tax Ct. Memo LEXIS 131; 35 T.C.M. (CCH) 1183; T.C.M. (RIA) 760270; August 24, 1976, Filed Robert E. Lowe, (officer), *132 for the petitioner. Joan B. Alexander,Joseph T. Chalhoub and George W Connelly, Jr., for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This matter is before us upon respondent's motion to dismiss for lack of jurisdiction. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year ended December 31, 1968 in the amount of $59,839.60. Respondent mailed a statutory notice of deficiency to petitioner at 2957 Alt Boulevard, Grand Island, New York, 14072, by certified mail on June 30, 1975. A carbon copy of the deficiency notice was mailed to Mr. Robert Lowe, the receiver in bankruptcy of petitioner. The petition was received by this Court on October 1, 1975. Respondent contends that the period for filing a petition with this Court under section 6213(a) [1] expired on September 29, 1975, [2] i.e., 90 days after the mailing of the notice of deficiency. [3] Petitioner, on the other hand, contends that it is entitled to the 150 day period provided for filing a petition under section 6213(a). Alternatively, petitioner contends that the petition was timely mailed and that section 7502 [4] operates to make the timely *133 mailing, a timely filing. *134 Generally, a petition must be filed within 90 days after the notice of deficiency is mailed. Section 6213, however, extends that period to 150 days if the "notice is addressed to a person outside the States of the Union and the District of Columbia." A corporation is a person within the scope of section 6213. Degill Corp.,62 T.C. 292 (1974). Thus, petitioner corporation was the "person" to whom the notice was addressed. The longer period provided by section 6213 is activated when the person to whom the notice is addressed is outside the States when the notice of deficiency is mailed. The fact that the deficiency notice is mailed to an address within the United States is not determinative. Rather, the key factor is physical absence from the States when the notice is mailed. Moreover, the absence need not be permanent. Mindell v. Commissioner,200 F. 2d 38 (2nd Cir., 1952), Estate of William Krueger,33 T.C. 667 (1960). While the deficiency notice in the instant case was mailed to an address within the United States, [5] we must nevertheless determine whether petitioner was outside the States at the date of mailing of the notice. *135 The critical inquiry is whether the taxpayer corporation was physically located outside the States when the deficiency notice was mailed. Degill Corp.,supra.
Petitioner has the burden of proving the jurisdictional facts. [6] The record provides no evidence that corporate activities, assets or situs were located outside the United States, or that the responsible personnel were located in Canada at the time the deficiency notice was mailed rather than at petitioner's legal address. On the contrary, the petition admits that the corporation's legal residence was in New York. Since both the legal residence of the corporation and its last known address were admittedly within the United States and no other evidence was presented to lead us to a different conclusion, we *136 have no alternative but to hold that the corporation was present within the United States. The 90-day period for filing a petition is, therefore, applicable. Since the 90-day period is applicable, we must consider petitioner's alternative contention that the mailing will constitute timely filing within section 7502. Section 7502 provides that a petition properly addressed with postage prepaid received after the date for filing is deemed filed on the date of the United States postmark stamped on the cover. There must be a United States postmark and the date of the postmark must be within the period prescribed for filing to qualify the mailing as a timely filing. *137 Section 7502; Luis Cespedes,33 T.C. 214 (1959); Proced. & Admin. regs. sec. 301. 7502-1. The petition herein was received on October 1, 1975. While it was mailed and bears a Canadian postmark of September 29, 1975, there is no timely United States postmark as clearly required by statute. [7] Consequently, section 7502 is inapplicable and the postmark date will not be deemed the filing date. The petition received on October 1, 1975, was not timely. Failure to file the petition within the prescribed period deprives this Court of jurisdiction. Angelo Vitale,59 T.C. 246 (1972); Estate of Frank Everest Moffat,46 T.C. 499 (1966). Consequently, we must grant respondent's motion to dismiss for lack of jurisdiction. We do not reach respondent's alternative argument that the petition was not signed by a person authorized to do so under Rule 23(a)(3) of the Tax Court Rules of Practice and Procedure.
An appropriate order will be entered. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated. ↩
2. Section 6213(a) provides in pertinent part: SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.--within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. ↩
3. The ninetieth day was Sunday, September 28, 1975. Thus, the period for timely filing would expire on the following day, Monday, September 29, 1975. Sec. 7503. ↩
4. Section 7502 provides in pertinent part: SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) GENERAL RULE.-- (1) DATE OF DELIVERY.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamp on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) MAILING REQUIREMENTS.-- This subsection shall apply only if-- (A) the postmark falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. (b) POSTMARKS.--This section shall apply in the case of postmarks not made by the United States Post Office only if and to the extent provided by regulations prescribed by the Secretary or his delegate. (c) REGISTERED AND CERTIFIED MAILING.-- (1) REGISTERED MAIL.--For purposes of this section, if any such return, claim, statement, or other document, or payment, is sent by United States registered mail-- (A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and (B) the date of registration shall be deemed the postmark date. (2) CERTIFIED MAIL.--The Secretary or his delegate is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.↩
5. Petitioner alleges that the district director had notice that the Grand Island address was not the proper address but the record fails to provide any support for such an allegation. There is no indication that the district director was notified of any change in address. Additionally, the petition alleges that the proper address was the same one to which the deficiency notice was mailed.↩
6. A hearing on respondent's motion to dismiss was originally held in Washington, D.C., on January 14, 1976.Petitioner did not appear, but did file a written reply without any supporting documentation. In order to give petitioner every opportunity to establish the jurisdictional facts, the hearing on respondent's motion was continued to Buffalo, New York, for petitioner's convenience. A hearing was held in Buffalo, New York, on March 22, 1976, and petitioner neither appeared nor filed any statement or documentation.↩
7. There is, in addition to the timely Canadian postmark, an untimely United States postmark (Washington, D.C., October 1, 1975).↩