T.C. Memo. 1999-85

UNITED STATES TAX COURT

ROSIE BURNSIDE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8305-98.                    Filed March 23, 1999.

Rosie Burnside, pro se.

<u>Peter C. Rock</u> and <u>Paul R. Zamolo</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.  The issue presented is whether petitioner had 90 or 150 days within which to file her petition to this Court under section 6213(a).[1]

<u>Background</u>

---

[1]  All section references are to the Internal Revenue Code in effect for the years in issue.

On January 28, 1998, petitioner left the United States for Nassau, Bahamas. On January 30, 1998, respondent mailed the statutory notice of deficiency (notice) to petitioner's home address in California.

After learning of the notice, on April 28, 1998, petitioner returned to the United States. According to the United States postmark, petitioner mailed her petition to this Court on May 1, 1998--the 91st day after the notice was mailed. On May 5, 1998, 95 days after the notice was mailed, the Court received the petition and stamped it filed. At the time she filed the petition, petitioner resided in East Palo Alto, California.

Discussion

This Court's jurisdiction is strictly limited by statute, and unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case. See Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966).

Ordinarily, a taxpayer has 90 days from the date the notice is mailed within which to file a petition with this Court. See sec. 6213(a). However, where a notice is "addressed to a person outside the United States," the taxpayer has 150 days from the date the notice is mailed in which to file a petition (the 150-day rule). Id.

In this case, the 90-day period for filing a petition expired on April 30, 1998. Petitioner did not mail her petition

until May 1, 1998--1 day later. If petitioner is entitled to 150 days within which to file her petition, then petitioner timely filed her petition. See sec. 7502(a)(1).

For the 150-day rule to apply, a taxpayer must experience a delay in his receipt of the notice because of his absence from the country. See Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952); Malekzad v. Commissioner, 76 T.C. 963, 970 (1981); Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960).

The taxpayer's absence from the country may be on a temporary basis. See Estate of Krueger v. Commissioner, supra. Generally delay experienced by the taxpayer must hamper the taxpayer's ability to respond adequately to the notice by filing a petition in this Court. See Degill Corp. v. Commissioner, 62 T.C. 292, 299 (1974).

Respondent argues that petitioner has not established that she was out of the country on January 30, 1998 (date on which notice was mailed); thus, respondent contends that petitioner is not entitled to 150 days in which to file her petition.

Petitioner testified that she was on vacation in the Bahamas from January 28 until April 28, 1998. She testified that she did not receive the notice until she returned from her vacation.

Mr. Nicholas Agbabiaka testified that he dropped petitioner off at the airport on January 28, 1998, and picked her up from the airport on April 28, 1998. Mr. Agbabiaka also testified that

during this period petitioner called him several times and sent him a postcard from the Bahamas.

As the finder of fact, we find both petitioner and Mr. Agbabiaka credible.  We conclude that petitioner was outside the United States on January 30, 1998--the day the notice was mailed. Additionally, we conclude that, due to her absence, petitioner's receipt of the notice was delayed, and this delay hampered petitioner's ability to respond adequately to the notice.  We therefore conclude that petitioner was entitled to 150 days to file her petition.  Accordingly, respondent's motion to dismiss shall be denied.

In reaching our holding herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.