Colvin, J., concurring: I agree with the opinion of the Court and write in response to some of the points made in the dissenting opinions of Judge Halpern and Judge Gustaf-son. I. Introduction In pertinent part, section 6213(a) provides: “Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.” The conclusion of the first dissenting opinion, see Halpern op. p. 71, that this language “has during the last 60 years taken on a fixed meaning, dependent on the taxpayer’s physical location”, is at odds with our holdings in numerous cases applying the 150-day period to foreign residents who were briefly in the United States when the notice of deficiency was sent. Contrary to the interpretation of section 6213(a) in the dissenting opinions, we have consistently given the statute a “broad, practical construction” and said we “ ‘should not adopt an interpretation which curtails * * * the right to a prepayment hearing * * * in the absence of a clear congressional intent to do so.’” Lewy v. Commissioner, 68 T.C. 779, 781, 782 (1977) (quoting King v. Commissioner, 51 T.C. 851, 855 (1969)); see also Looper v. Commissioner, 73 T.C. 690, 694 (1980). A construction of the statute that limits a foreign resident’s “outside the United States” status to the resident’s location on the notice’s delivery date would be just as “excessively mechanical, unrelated to the section’s basic purpose, and unsupported by case law” as the construction we rejected in Lewy v. Commissioner, 68 T.C. at 782. II. Hamilton v. Commissioner In Hamilton v. Commissioner, 13 T.C. 747, 748, 753-754 (1949), we said that the 150-day period applies to a taxpayer who regularly resides outside the United States but who through fortuitous circumstance happened to be physically in one of the States of the Union on the particular day the deficiency notice was mailed to him. Contrary to the view expressed in the first dissenting opinion, our “reading” of Hamilton relating to consideration of a taxpayer’s foreign residence has not “evolved.” See Halpern op. p. 64. Hamilton was cited with approval in Levy v. Commissioner, 76 T.C. 228, 230 (1981), Lewy v. Commissioner, 68 T.C. at 785-786, and Degill Corp. v. Commissioner, 62 T.C. 292, 297 (1974). Most of the cases since Hamilton have simply dealt with different factual situations (i.e., where U.S. residents were temporarily absent from the United States or where a notice was addressed to a foreign address). See Malekzad v. Commissioner, 76 T.C. 963 (1981); Levy v. Commissioner, 76 T.C. 228; Looper v. Commissioner, 73 T.C. 690; Camous v. Commissioner, 67 T.C. 721 (1977); Cowan v. Commissioner, 54 T.C. 647 (1970). In Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960), we held that the 150-day rule also applies to U.S. residents temporarily absent from the country. In Estate of Krueger, we agreed with the opinion of the Court of Appeals for the Second Circuit in Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952). See Estate of Krueger v. Commissioner, 33 T.C. at 668. In Mindell, the taxpayer, a U.S. citizen and indicted tax evader, moved with his family to Mexico. See Mindell v. Commissioner, 200 F.2d at 39. We had concluded in Mindell that the taxpayer was not regularly residing abroad and therefore was entitled to only 90 days. Id. The Court of Appeals for the Second Circuit reversed and stated: [W]e cannot agree * * * that the statute grants the 150 day period only to persons outside the designated area “on some settled business and residential basis, and not on a temporary basis * * We find nothing in the language of the statute or in its legislative history to suggest that Congress intended to differentiate between persons temporarily absent from the United States and persons “regularly residing” abroad. Whatever the reason for the taxpayer’s absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for review of the deficiency. We think the fact of “residence” abroad irrelevant. [Id!.] The Court of Appeals for the Second Circuit said that residency was irrelevant because the taxpayer was outside the country, was not likely to return, and therefore was entitled to 150 days under section 6213. Residency is, indeed, irrelevant where a U.S. resident is temporarily outside the country. There is nothing in Mindell, which rejected the notion that the 150-day rule is limited to foreign residents, or our Opinions, to support the contention in the first dissenting opinion that residency does not apply to, or is irrelevant with respect to, foreign residents. With respect to this Court’s position, it also is noteworthy that, in Estate of Krueger, where we adopted the reasoning of Mindell, we included all of the above-quoted excerpt except the sentence deeming residence irrelevant. Estate of Krueger v. Commissioner, 33 T.C. at 668. III. Lewy v. Commissioner In Lewy v. Commissioner, 68 T.C. 779, the taxpayer was a foreign resident temporarily present in the United States. The taxpayer was in the United States when the notice was mailed; however, we held that he was “outside the United States” for purposes of section 6213(a) and therefore was entitled to application of the 150-day rule. Id. at 785-786. We said that Our reasoning in Hamilton v. Commissioner, 13 T.C. 747 (1949), provides further support for our conclusion [that the 150-day rule applied]: “An interpretation of the provision as meaning something more substantial than the mere fortuitous circumstance of place where a taxpayer physically happened to be on a certain date would likewise protect against hardship a taxpayer regularly residing outside the States of the Union and the District of Columbia, but who, through fortuitous circumstance, physically happened to be in one of the States of the Union on the particular day the deficiency notice was mailed to him, and would, because of his residence outside the States of the Union and the District of Columbia, preserve to him the right to the period of 150 days for the filing of his petition, just as it would for his neighbor who happened to be at home on the day when the deficiency notice was mailed. [13 T.C. at 753-754.]” [Id. at 785; emphasis added.] In addition, we held that Mindell and Estate of Krueger did not “vitiate the above quoted language” but simply “expanded the class of persons entitled to file within 150 days.” Id. at 786. In short, we affirmed, rather than abandoned, our analysis in Hamilton. See id. IV. Degill Corp. v. Commissioner A foreign resident’s “outside the United States” status is appropriately tied to the focal point of the taxpayer’s activities and property (i.e., residency). Linking a foreign resident’s “outside the United States” status to residency is a reasonable and practical construction of the statute. A taxpayer’s books, records, and residence are typically in the same place. Such status does not depend solely on the taxpayer’s location on the notice’s mailing and delivery dates. The analysis in Degill Corp. v. Commissioner, 62 T.C. 292 is illuminating. In Degill Corp., we held that the 150-day rule applied to a domestic corporation which had an office in the United States, had its home office in the South Pacific, and conducted all of its business outside the United States. Id. at 293-294, 300. We observed that the crucial criterion to be gleaned from the decided cases is whether the “person” is physically located outside the United States so that the notice of deficiency mailed to its United States address will be delayed in reaching it in a foreign country * * *, and thereby hamper its ability to adequately respond by filing a petition to litigate its case in this Court. * * * [Id. at 299.] We were “convinced that the * * * ‘registered office’ alone should not be considered the physical location of * * * [the corporation’s] home office when its officers, books, records, majority stockholders, and entire equipment” were located abroad. Id. We also concluded that the taxpayer required additional time because its books, records, shareholders, and equipment were abroad. Id. Despite the fact that the corporation had a Philadelphia office and the notice was mailed and delivered in December 1972 to both the Philadelphia and foreign addresses, we held that where “the situs of corporate activity is entirely outside the United States, congressional concern for adequate response time for a taxpayer makes the 150-day rule applicable”. See id. at 295, 299. In essence, the corporation’s “residency” was a relevant and determining factor. We analyzed the matter accordingly, following our holding in Hamilton establishing that foreign residents were entitled to application of the 150-day rule. See Degill Corp. v. Commissioner, 62 T.C. at 297-300. Specifically, we noted that Degill Corp. was not a case of a U.S. resident’s temporary absence but was “a permanent absence from the United States which would have invoked the 150-day rule even under the former stricter rule of * * * [Hamilton]” (i.e., the rule limiting the 150-day rule to foreign residents). Degill Corp. v. Commissioner, 62 T.C. at 300. In sum, our analysis in Degill Corp. supports the analysis of the opinion of the Court. Malekzad and Levy involved U.S. residents temporarily abroad, while in Looper the issue was whether “outside” modified “address” or “person.” Contrary to the reliance placed on them by the first dissenting opinion, these cases do not involve foreign residents and so do not speak to the case before the Court.[1] For the foregoing reasons I agree with the reasoning and conclusion of the opinion of the Court. Thornton, Foley, Vasquez, Gale, Wherry, Paris, and Kerrigan, JJ., agree with this concurring opinion. Indeed., the analysis in Levy v. Commissioner, 76 T.C. 228 (1981), and Malekzad v. Commissioner, 76 T.C. 963 (1981), contradicts the first dissenting opinion’s assertion that physical location is determinative. In Levy we stated that “[a]n inquiry into petitioners’ geographic location at the precise moment the deficiency notice was mailed [is not controlling because it] is too narrow of a consideration to effectuate the purposes of the statute.” See Levy v. Commissioner, 76 T.C. at 231 (emphasis added). In Malekzad, we held that taxpayers who were outside the United States when the notice was delivered were not “outside the United States” because other factors (i.e., the lack of delay) made the 150-day rule inapplicable. See Malekzad v. Commissioner, 76 T.C. 963. We stated that “the statute does not say that the determination of whether the 90-day period or the 150-day period applies depends upon the geographical location of the taxpayer at the exact time the statutory notice is mailed. * * * The statute also does not say that the applicability of the 150-day period depends upon the taxpayer’s geographical location at the exact time the statutory notice is delivered by the Postal Service to the taxpayer’s home.” Id. at 969.