Halpern, J., dissenting: I. Introduction I disagree with the majority’s determination that the statutory notice of deficiency (notice or statutory notice) that respondent addressed to petitioner for her 2000 tax year was addressed to a person outside the United States so that, pursuant to section 6213(a), she had 150 (rather than 90) days to file the petition. The majority reads the words of section 6213(a), “a person outside the United States”, as if Congress had, in fact, written “a person residing outside the United States who is briefly present in the United States and who, while present, does not receive the notice'”. Petitioner was present in the United States for a two-week period bracketing both the mailing and delivery of the notice to her address (a U.S. address) last known to the Commissioner, and, in the light of the words actually used by Congress and the relevant caselaw, that is sufficient for me to conclude that the notice was not addressed to a person outside the United States. Therefore, pursuant to section 6213(a), she had only 90, and not 150, days from the date the notice was mailed to file her petition with the Tax Court. Her petition, filed 148 days after the notice was mailed, was not timely, and we should grant respondent’s motion to dismiss for lack of jurisdiction. II. Discussion A. Section 6213(a) In pertinent part, section 6213(a) provides: “Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.” Filing a timely petition for redetermination of a deficiency is a jurisdictional requirement. Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952); Lewy v. Commissioner, 68 T.C. 779, 781 (1977). B. Judicial Gloss The seemingly straightforward language of section 6213(a) allowing a taxpayer 150 days to file a petition “if the notice is addressed to a person outside the United States” has been subject to much judicial gloss since, as a wartime measure in 1942, its predecessor language was added to the Internal Revenue Code of 1939. In Hamilton v. Commissioner, 13 T.C. 747 (1949), we rejected the Commissioner’s argument that, because their last known addresses (to which the statutory notices had been sent) were within the United States, the two subject taxpayers had no more than 90 days to file petitions. We held that the words “outside the [United States]” in a predecessor provision referred to a “person” rather than to the word “addressed”.[1] We added, however, that the 150-day period was available only to persons outside the United States “on some settled business and residential basis, and not on a temporary basis”. Id. at 753. We have since then rejected that distinction. See Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960). In Estate of Krueger, we followed the lead of the Court of Appeals for the Second Circuit in Mindell v. Commissioner, 200 F.2d 38. In Mindell, the Court of Appeals reversed our unpublished order granting the Commissioner’s motion to dismiss for lack of jurisdiction on account of an untimely petition. Apparently, we had found that the taxpayer, a fugitive from prosecution living with his family in Mexico, was not regularly residing abroad. We had therefore concluded, on the authority of Hamilton, that he was entitled to no more than 90 days to file a petition. While the Court of Appeals agreed with our interpretation in Hamilton that the availability of the 150-day period turned on the location of the person and not on a foreign address, it rejected the distinction we had drawn that the 150-day period was available only to persons out of the country “‘on some settled business and residential basis, and not on a temporary basis’ ”. Id. at 39. Indeed, it questioned our finding that Mr. Mindell was not regularly residing abroad.[2] In any event, it thought the fact of residence abroad to be irrelevant. Id. It stated: We find nothing in the language of the statute or in its legislative history to suggest that Congress intended to differentiate between persons temporarily absent from the United States and persons “regularly residing” abroad. Whatever the reason for the taxpayer’s absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for review of the deficiency. We think the fact of “residence” abroad irrelevant. [Id..] Subsequently, in Looper v. Commissioner, 73 T.C. 690, 694 (1980), we reconsidered the inference in Hamilton and other of our cases that the 150-day rule applies only in cases where the taxpayer is out of the United States and not in cases where the address is a foreign address. We stated that the common element in the decided cases is a recognition that the receipt of mail is often delayed when it travels abroad. Id. We quoted the following language from Degill Corp. v. Commissioner, 62 T.C. 292, 299 (1974), as illustrating our reasoning in the decided cases. “As we see it, the crucial criterion to be gleaned from the decided cases is whether the ‘person’ is physically located outside the United States so that the notice of deficiency mailed to its United States address will be delayed in reaching it in a foreign country, possession, or territory, and thereby hamper its ability to adequately respond by filing a petition to litigate its case in this Court. * * *” [Looper v. Commissioner, 73 T.C. at 694.] We rejected as “unduly restrictive” a reading of the statute that the 150-day rule applies only in cases where the taxpayer is out of the United States and not in cases where the address is a foreign address. Id. We stated: “The literal terms of the statute can support a reading that the 150-day rule applies either when the taxpayer is out of the country or when the address on the notice is a foreign address and the legislative history is such that it does not foreclose either construction.” Id. We held accordingly. Id. at 695-696. C. Foreign Residence No Longer Decisive While in Hamilton v. Commissioner, 13 T.C. 747, the taxpayer’s residence abroad was decisive to our determination that he was, in the words of the present statute, “a person outside the United States” (entitled to 150 days to file a petition), we have, as discussed, since then disregarded the distinction between expatriates and those sojourning abroad in determining whether a taxpayer is such a person. Foreign residence as a decisive factor has given way to physical location outside the United States as the “crucial criterion”, applicable both to expatriates and those sojourning abroad, in determining who (despite the notice having been mailed to their U.S. last known address) is “a person outside the United States.” See Degill Corp. v. Commissioner, 62 T.C. at 299. Indeed, our reading of Hamilton seems to have evolved consistent with that distinction. In Levy v. Commissioner, 76 T.C. 228, 230 (1981), we cited Hamilton for the proposition that the phrase, in section 6213(a), “addressed to a person outside the United States” means “the taxpayer to whom the notice is addressed must have been located abroad.” (Emphasis added.) In Looper v. Commissioner, 73 T.C. at 693, we were more explicit, stating that, in Hamilton, we read section 272(a)(1) of the Internal Revenue Code of 1939 (the predecessor to section 6213(a)) “to provide the 150-day period for persons who were physically outside the United States at the time the statutory notice was mailed”. (Emphasis added.) In Degill Corp., we were faced with determining the physical location of an artificial person, a domestic corporation, whose entire business operations were overseas. Because of the exclusiveness of its activities overseas, we concluded that “this domestic corporation was physically located abroad”, entitled to 150 days to file a petition. Degill Corp. v. Commissioner, 62 T.C. at 300 (emphasis added). We were careful not to suggest that a temporary absence of officers from the U.S. home office of a domestic corporation requires the 150-day rule to apply. Id. We stated: “Here we have a permanent absence from the United States which would have invoked the 150-day rule even under the former stricter rule of Rebecca S. Hamilton, 13 T.C. 747 (1949).” Id. In other words, we saw no need to address the question of whether, on account of the overseas travel of the officers of a domestic, U.S. headquartered corporation, the corporation would be considered as physically located abroad, so as to be entitled to 150 days to file a petition pursuant to the temporarily-absent-from-the-country rule we adopted in Estate of Krueger v. Commissioner, 33 T.C. 667. While physical location and residence will often coincide, a taxpayer may not at all times be physically located (present) at her residence. If, as we said in Degill Corp. v. Commissioner, 62 T.C. at 299, “the crucial criterion” is whether the taxpayer “is physically located outside the United States”, then, when residence and location fail to coincide, the former must give way to the latter. Our position with respect to determining whether a taxpayer is a person outside the United States (and thus entitled to 150 days to file a petition) is distilled in the following language from Looper v. Commissioner, 73 T.C. at 694: “the 150-day rule applies either when the taxpayer is out of the country or when the address on the notice is a foreign address”. And, as the development of our caselaw shows, out of the country means “physically located outside the United States”. Degill Corp. v. Commissioner, 62 T.C. at 299.[3] Although we continue on occasion to cite Hamilton, the portion of that report that pegs an extended period to file a petition to residence abroad is an anachronism. D. Ephemeral Presence Disregarded An expatriate need not worry that her ephemeral presence in the United States will limit her to 90 days to petition a statutory notice delivered to her U.S. last known address while she was for a short time in (perhaps transiting) the United States. While the authority addresses the reverse situation, i.e., whether a taxpayer’s temporary absence from the United States makes him “a person outside the United States” (with 150 days to file a petition), the deciding principles should be the same. In Cowan v. Commissioner, 54 T.C. 647, 652 (1970), we held that the taxpayers, “who merely went across the border into Mexico for part of 1 day” were not persons outside the United States entitled to 150 days to file their petition. In Malekzad v. Commissioner, 76 T.C. 963, 970 (1981), allowing no extended filing period on account of the taxpayers’ overnight trip to Mexico, we described the taxpayer’s 11-hour absence in Cowan as “ephemeral” and added: “By the same token, a mere ephemeral presence in the United States on the date of mailing of the statutory notice also will not necessarily deprive a taxpayer of the benefits of the 150-day period”. In Levy v. Commissioner, 76 T.C. 228, the taxpayers were entitled to 150 days to file their petition where they left on a 5-day trip to Jamaica on the day a statutory notice was mailed to their residence and the notice was awaiting them on their return. Considering these cases, our position appears to be that a few-hours’ or an overnight absence from the United States is ephemeral (i.e., it is as if the taxpayer never left the country), whereas an absence of four days encompassing the mailing and delivery of the notice places the taxpayer “outside the United States” for purposes of section 6213(a). Thus, even under the majority’s interpretation that a taxpayer is “a person outside the United States” (entitled to 150 days to file a petition) if she resides abroad and is only temporarily in the United States when a statutory notice is mailed to her U.S. last known address, Levy would appear to require that petitioner be accorded only 90 days to file since she was in the United States for just over a two-week period during which the notice was both mailed to, and delivered to, her last known address, in the United States. In other words, her physical presence in the United States was not sufficiently temporary (i.e., “ephemeral”), and it cannot be disregarded for purposes of section 6213(a). E. When Absence Matters An expatriate may visit the United States, and a U.S. resident may travel abroad. In Lewy v. Commissioner, 68 T.C. 779, the taxpayer, a resident of France, who was temporarily in the United States, left the country the day after a statutory notice was mailed to his U.S. address. We allowed the taxpayer 150 days to file a petition, finding that Congress intended the extended period to apply not only to those who, because of receipt of the notice after 90 days have run, are “totally prevented” from petitioning the Tax Court within that time, but also “to persons like petitioner who experience significant delays in receiving notices due to absence from the country.” Id. at 785. We stated: “We are unwilling to frustrate this clear congressional policy by relegating petitioner to a lesser period whenever there exists some conceivable way filing could be accomplished within that time.” Id. We added: “Our reasoning in Hamilton * * * provides further support for our conclusion”, and we quoted language from Hamilton in which we pointed out that, if residence were decisive, physical presence in the United States on the day a statutory notice was mailed to him would not deprive the taxpayer of 150 days to file a petition.[4] Id. In Levy v. Commissioner, 76 T.C. 228, discussed supra, the statutory notice was mailed to the taxpayers at their last known address, their residence, in Chicago, Illinois, on the same day they departed the United States for a five-day vacation in Jamaica. The notice was delivered to their residence on the second day of their vacation and was there when they returned, three days later. We allowed the taxpayers 150 days to file a petition. We first put aside the fact that they were both inside and outside the United States on the day the notice was mailed to them, stating: “In any event, the petitioners were abroad when the statutory notice was delivered at their home, and this seems to be what the statute contemplates.” Id. at 231. We then stated: “The 150-day period has been held to apply not only to * * * [expatriates] but also to persons who are temporarily absent from the country”. Id. We added, relying for authority on Lewy: “In addition, the absence from the country must result in delayed receipt of the deficiency notice.” Id. (citing Lewy v. Commissioner, 68 T.C. at 783). Clearly, in Levy, the taxpayers’ U.S. residence played no role in our consideration of whether they were entitled to a 150-day filing period. Indeed, we dismissed residence as a relevant concern. And in retrospect, while in Lewy we found support in Hamilton, the fact that Mr. Lewy was a French resident made no difference whatsoever. What made a difference in Lewy (and it is for the thing that made a difference in Lewy that we cited it in Levy) was that Mr. Lewy’s “absence from the country * * * resulted] in [his] delayed receipt of the deficiency notice.” Levy v. Commissioner, 76 T.C. at 231.[5] A close reading of Levy and Lewy shows that, in the case of those temporarily inside or outside the United States, residence is beside the point. Absence from the United States, resulting in delay, is what matters. F. Hamilton Not Dispositive In Hamilton v. Commissioner, 13 T.C. 747, we read what is now the term “a person outside the United States” as, in effect, describing an expatriate. Today, we must decide whether an expatriate whose last known address is in the United States and who is physically present in the United States when a statutory notice is mailed to that address is, at that time, “a person outside the United States”. With respect to petitioner, the majority states: “her status as a person ‘outside of the United States’ is largely a function of her residency and is not vitiated by her brief presence in the United States.” See op. Ct. p. 55 (emphasis added). If her status is “largely” a function of her residence, then it is not exclusively a function of her residence, and Hamilton is not dispositive. In other words, for the majority, petitioner’s expatriation is not, in and of itself, sufficient to qualify her for an extended (150-day) period to file a petition. G. Other Factors In Hamilton we read Congress’ words “a person outside the States of the Union and the District of Columbia” [6] as if Congress had in fact written “a person residing outside the States of the Union and the District of Columbia”. The majority now reads the words of section 6213(a) “a person outside the United States” as if Congress had in fact written “a person residing outside the United States who is briefly present in the United States and who, while present, does not receive the notice”. The addition of the nonreceipt criterion is evidenced by the majority’s including in its explanation of why petitioner is in the category of taxpayers that Congress intended to benefit with an extended filing deadline a finding that petitioner (while in the United States) was not at the address to which the notice was delivered. See op. Ct. p. 55. The importance of that finding is evidenced by the majority’s preceding discussion concluding that, not only does the briefness of petitioner’s presence play a role, see op. Ct. pp. 53-54, but: “Similarly, a foreign resident may be ‘a person outside the United States’ even if the foreign resident is in the United States on the notice’s delivery date (i.e., if the taxpayer ultimately receives notice several months later while in the foreign country)” (Emphasis added.) The inference is that, if an expatriate receives a statutory notice while present in the United States, the expatriate is, as of the time of receipt, no longer “a person outside the United States”. Certainly, Congress knows how to make clear that non-receipt of a statutory notice entitles a person to some relief. In specifying the rules for a so-called collection due process hearing, Congress, in section 6330(c)(2)(B), provided that a person may at such a hearing raise a challenge to the existence or amount of the underlying tax liability “if the person did not receive any statutory notice of deficiency for such tax liability”. To the contrary, receipt of the notice plays no role in the interaction between section 6212(b)(1), which, in general, makes “sufficient” the mailing of the statutory notice to the taxpayer’s last known address, and section 6213(a), which allows the taxpayer 90 days or, in the case of a “notice * * * addressed to a person outside the United States”, 150 days after the notice is mailed to file a petition with the Tax Court. Indeed, the irrelevance of receipt is underlined by the concluding words of section 6212(b)(1), which provide that a notice mailed to the taxpayer’s last known address is sufficient “even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.” Caselaw is consistent with the absence of any requirement of receipt before the taxpayer’s section 6213(a) period to petition the Tax Court begins to run. See, e.g., Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Estate of McKaig v. Commissioner, 51 T.C. 331, 335 (1968); Spivey v. Commissioner, T.C. Memo. 2001-29, aff’d, 29 Fed. Appx. 575 (11th Cir. 2001). The addition of a nonreceipt criterion to the determination of whether a statutory notice is addressed to a person outside the United States also leads to a paradox if the taxpayer specified in a notice addressed to her last known (U.S.) address is in the country when the notice is mailed and delivered to that address but is not physically present to retrieve it. If she does not retrieve it before departing the United States, the majority would conclude that it was addressed to a person outside the United States, who has 150 days to file her petition. If, on the other hand, she retrieves it before departing, then, apparently, the majority would conclude that it was not addressed to a person outside the United States, who has only 90 days to file her petition. As to petitioner, her status was thus indeterminate between the delivery of the notice to her post office box on December 31, 2007, and her departure from the United States on January 8, 2008. Section 6213(a) pegs the period during which a taxpayer may file a petition with the Tax Court to the date the notice is mailed. Until petitioner left the country on January 8, 2008, the period she had (90 or 150 days) to file her petition was not only unknown; it was, under the majority’s rationale, unknowable. When she left without retrieving the notice, she satisfied the majority’s definition of a person outside the United States; but, had she visited her post office box before departing and retrieved the notice, then her physical location, inside the United States, would have prevailed and her time to petition would have been fixed at 90 days. The majority states: ‘Where a statute is capable of various interpretations, we are inclined to adopt a construction which will permit the Court to retain jurisdiction without doing violence to the statutory language.” See op. Ct. p. 51. I believe that the majority’s reading of the words in section 6213(a) “a person outside the United States” as if Congress had, in fact, written “a person residing outside the United States who is briefly present in the United States and who, while present, does not receive the notice’'’ does do violence to the statutory language. We must keep in mind the general proposition that grants of jurisdiction to the Federal courts should be narrowly construed. See, e.g., United States v. Mitchell, 445 U.S. 535, 538 (1980): It is elementary that “[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court’s jurisdiction to entertain the suit.” United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity “cannot be implied but must be unequivocally expressed.” United States v. King, 395 U.S. 1, 4 (1969). In the absence of clear congressional consent, then, “there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States.” United States v. Sherwood, supra, at 587-588. [Some citations omitted.] III. Conclusion The meaning of the expression “a person outside the United States” has during the last 60 years taken on a fixed meaning, dependent on the taxpayer’s physical location. The majority’s rewrite of section 6213(a) not only contradicts that meaning but presents an implausible construction of the statute. We should grant respondent’s motion to dismiss for lack of jurisdiction on the ground that petitioner had 90 days to file the petition and the petition, filed on the 148th day, was not timely. Holmes, Gustafson, and Morrison, JJ., agree with this dissent. The legislative history of that predecessor provision in the Revenue Act of 1942, ch. 619, 56 Stat. 798, was described in Hamilton v. Commissioner, 13 T.C. 747, 750-751 (1949), as follows: The 150-day provision added at the end of section 272(a)(1) [of the Internal Revenue Code of 1939] first appeared when the Revenue Bill of 1942 was reported to the Senate by its Committee on Finance, and was explained in the committee report as follows: “Under existing law if a notice of deficiency in income tax is mailed to a taxpayer he has 90 days within which to file his petition with the Board of Tax Appeals. In the case of a taxpayer in remote places, such as Hawaii or Alaska, this time limit may possibly work a hardship because of delays in transporting mail that may occur during the present hostilities. To correct this hardship section 272(a)(1) of the Code has been amended to increase the period to 150 days if the notice is mailed to a person outside the States of the Union and the District of Columbia. This extension applies only to deficiency notices mailed after the date of enactment of the act.” [Senate Finance Committee Report No. 1631, Seventy-seventh Congress, second session, p. 154.] As the result of a conference on the bill, the House receded and accepted the Senate amendment without explanation other than a statement in the conference report of the substance of the sentence added. The Court of Appeals stated: “But even on the Tax Court’s theory that the taxpayer must show that he was ‘regularly residing’ abroad, we fail to see why his affidavit was insufficient to establish that fact. Evidence that he had been indicted and jumped bail, if relevant at all, would seem to support his claim of residence in Mexico”. Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952). There are, of course, the questions of “when” and of for “how long” the taxpayer must be absent from the country in order to be allowed 150 days to file a petition. In Malekzad v. Commissioner, 76 T.C. 963, 969 (1981), we noted that, while sec. 6213(a) prescribes that the period (whether 90 or 150 days) to file a petition runs from the date of mailing of the statutory notice, the statute does not prescribe the time as of when the determination is to be made that the notice is addressed to a person outside the United States. We stated: “In determining the applicability of the 150-day period as opposed to the 90-day period, * * * the Court has chosen to look at both the date of mailing of the statutory notice and the date it was finally received by the taxpayer.” Id. at 969-970. The notice in Malekzad was delivered to the taxpayers’ home on a Saturday. Earlier on that day they had departed on an overnight trip to Mexico. We refused to read the statute as saying that the applicability of the 150-day period turns on the taxpayer’s location at the exact time the notice is delivered by the Postal Service to the taxpayer’s home. Id. at 969. Nevertheless, although apparently granting that, because of their departure from the United States on the delivery day, the Malekzads were outside the United States on that day, we held that their absence was too brief to entitle them to an extended period to file a petition. In Malekzad, we first made clear that a taxpayer has 150 days from the date a statutory notice is mailed to file a petition if, on the day the notice is delivered, she is outside the United States. We then determined that, if the taxpayer departs from the United States on the delivery day, she is deemed to be outside the United States for all of that day. We thus resolved an ambiguity with respect to a taxpayer’s location on the delivery date. There is no ambiguity in this case as to petitioner’s location on the day the notice was delivered to her post office box: She was in San Francisco. As evidenced by Malekzad, and as discussed in the next section of this dissenting opinion, we may disregard a taxpayer’s ephemeral absence from, or presence in, the United States. Petitioner’s presence in the United States was not, as we have considered the term, ephemeral. She is entitled to only 90 days to file the petition. The quote is dictum, the Hamilton court not being presented with that circumstance. Indeed, the majority describes the quote as the Hamilton court’s musing. See op. Ct. p. 53. The notion that to be entitled to 150 days to file a petition the taxpayer must show not only absence from the country but also an attendant delay in receipt of the notice was established in Cowan v. Commissioner, 54 T.C. 647 (1970), a Court-reviewed report. In Cowan, discussed supra, we found that the taxpayers, who were in Mexico for about 11 hours on the day a statutory notice was mailed to their North Hollywood, California, address, were entitled to only 90 days to file a petition. We quoted the “resident-abroad-irrelevant language” from Mindell and, relied, instead, on the fact that spending 11 hours in Mexico is not likely to result in delayed delivery. Id. at 652. The predecessor to today’s “a person outside the United States”.